*Neil Opdahl-Lopez, Esq. (SBN # 277596)*
*Major, USMCR*
**473 E. Carnegie Drive, # 200**
**San Bernardino, CA 92408**
**Mobile: 626.429.6578**
**Facsimile: 888.298.7284**
**attorney@neilopdahl.com**

**Attorney for Plaintiff**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

---

***AROGANT HOLLYWOOD,***

Plaintiff,

v.

Jonathan David Primuth (State Bar No. 143736); Sergeant Craig Phillips; Evelyn Gadia Zneimer; Jacinta Mary Lincke; Brian Mark Rosenberg, ; Jin Kyoung Lee (State Bar No. 280307); Chief Brian Solinsky; Lieutenant Shannon Robledo; City of South Pasadena; City of South Pasadena Public Library; City of South Pasadena Police Department, County of Los Angeles District Attorney's Office; County of Los Angeles; South Pasadena Peace Officer Timothy Kim; South Pasadena Peace Officer Issac Gutierrez; Sergeant Matthew Ronnie; Hispanic Peace Officer (Doe 1); Alejandro Villanueva; Unidentified Peace Officer (Doe 2); Unidentified Peace Officer (Doe 3); Deputy Sanchez; Deputy Cecena; Incompetent Doctor (Doe 4); Unidentified Deliberately Indifferent Deputies (Doe 5+); Unidentified LASD 5000 Floor Deputies (Doe 6+); Unidentified Twin Towers Correctional Facility Deputies (Doe 7+); Unidentified LASD Disciplinary Housing Deputies (Doe 8+); Sergeant Who Conducted Disciplinary Hearing (Doe 9); Origin Investigations Inc.; ; South Pasadena Detective Catalina Valdez; Patrick Zamora; Latino/Angelo Jail Deputy Who Denied Medical Care (Doe 11); County of Los Angeles Sheriff's Department Medical Services Bureau; Los Angeles County Department of Health Services-Correctional Health Services (CHS); Deputy District Attorney Ms. Lee ,& DOES 1-10

Defendant(s),

**Case No.:**

**JURY TRIAL DEMANDED**

**VERIFIED ORIGINAL CIVIL RIGHTS COMPLAINT**

---

# PLAINTIFF AROGANT HOLLYWOOD'S VERIFIED ORIGINAL CIVIL RIGHTS COMPLAINT

## DEMAND FOR JURY TRIAL

## I. JURISDICTION AND VENUE

**1.** This civil rights action is brought pursuant to 42 U.S.C. §§ 1983 and 1985, and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343. Supplemental jurisdiction over state law claims is invoked under 28 U.S.C. § 1367.

**2.** Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b), as the events, unconstitutional conditions, and malicious prosecutions giving rise to the claims occurred within this District and predominantly in the County of Los Angeles, California.

## II. PARTIES

**3.** Plaintiff Arogant Hollywood is and was at all relevant times a resident of Los Angeles County.

**4.** Defendants named herein are sued in their individual and official capacities. At all times, state and municipal defendants acted under the color of state law, while private defendants **(including Jonathan David Primuth, Evelyn Gadia Zneimer, and Jacinta Mary Lincke)** acted under color of state law through conspiracy with state actors.

## III. STATUTE OF LIMITATIONS AND TOLLING

**5.** Plaintiff's federal and state claims are timely filed prior to the mid-May 2026 deadline.

**6.** Plaintiff's claims for Malicious Prosecution formally accrued upon the absolute favorable termination of the criminal proceedings, which occurred on January 3, 2023 **(Judge Villalobos dismissal)** and was finalized on February 10, 2023 **(Judge Moses denial of the prosecution's PC 871.5 motion to reinstate)**.

**7.** The standard two-year statute of limitations for 42 U.S.C. § 1983 claims in California is subject to mandatory statutory and equitable tolling. Pursuant to California Code of Civil Procedure § 352.1, the statute of limitations is strictly tolled for the duration of Plaintiff's multiple periods of incarceration by the County of Los Angeles and the Los Angeles County Sheriff's Department. These statutory tolling periods include Plaintiff's nearly 95-day incarceration from October 2022 to January 2023, as well as the following subsequent periods of incarceration: February 23, 2023 to October 17, 2023; December 10, 2023 to April 17, 2024; July 10, 2024 to August 29, 2024; April 17, 2025 to May 1, 2025; and May 12, 2025 to June 25, 2025.

**8.** Furthermore, the statute of limitations is equitably and statutorily tolled for the periods during which Plaintiff was mandated to exhaust administrative remedies and file mandatory government tort claims against the respective municipal entities.

**9.** Therefore, combining the baseline accrual date of February 10, 2023, with the mandated statutory tolling for the aforementioned extensive periods of continuous incarceration and the exhaustion of administrative remedies, Plaintiff's absolute deadline to file this civil action is extended to mid-May 2026 **(May 15, 2026)**, rendering this Complaint strictly timely as a matter of law. Defendants are precluded from asserting any affirmative defenses claiming otherwise.

## IV. STATEMENT OF FACTS

### A. THE MONELL PATTERN OF CIVIL RIGHTS VIOLATIONS (2016–2022)

**10.** The CITY OF SOUTH PASADENA maintains a deeply entrenched custom, policy, procedure, and tradition of willfully, recklessly, maliciously, wantonly, carelessly, fraudulently, knowingly, and callously violating AROGANT HOLLYWOOD'S civil rights through a sustained campaign of false arrests. This unconstitutional municipal tradition includes, but is not limited to:

- **2016:** A false arrest and fabricated criminal threats charges orchestrated by City of South Pasadena Police Department Detective MICHAEL PALMERI, resulting in AROGANT HOLLYWOOD spending nearly 60 consecutive days in custody before the charges were dismissed and overturned.
- **August 16, 2021:** A false arrest for trespassing and blocking a sidewalk in front of 1017 Diamond Avenue that never resulted in charges being filed.
- **August 17, 2021:** A false felony criminal threats arrest by racially animus peace officers Patrick Zamora and Detective CATALINA VALDEZ that was ultimately overturned and dismissed on or about April 2, 2022.
- **September 3, 2021:** A false arrest where Craig Phillips and Timothy Kim apprehended AROGANT HOLLYWOOD for allegedly violating Jacinta Mary Lincke's criminal protective order—an order that should have never been issued for a criminal threats case that was later dismissed. The false allegations were that AROGANT HOLLYWOOD violated the order because his fiancée, Alison Helen Fairchild, called Lincke to give her ex-parte notice so AROGANT HOLLYWOOD could present video evidence showing he had never threatened Lincke as she had lied he did in late August 2021.
- **September 2021:** A false arrest occurring outside the City of South Pasadena Police Department initiated by Sergeant MATTHEW RONNIE, which was charged but ultimately dismissed on or about April 2, 2022.

- **December 31, 2021:** A false arrest at the South Pasadena Public Library front entrance by peace officer PATRICK ZAMORA for allegedly violating Jacinta Mary Lincke's criminal protective order—an order that should have never been issued—by purportedly being within 100 yards from the doorstep of Lincke's residence located at 1017 Diamond Avenue, South Pasadena, CA.

- **April 2022:** A false arrest at a Rite Aid pharmacy store by South Pasadena peace officers, for which charges were never filed.

- **May 2022:** A false arrest occurring at the City of South Pasadena Public Library that was never prosecuted.

- **September 2022:** A false arrest for trespass and violating a Jacinta Mary Lincke criminal protective order that should never have existed; the entire case was dismissed despite the County of Los Angeles District Attorney maliciously prosecuting AROGANT HOLLYWOOD.

- **Mid-October 2022:** A false arrest at the South Pasadena Public Library that was never prosecuted.

## B. THE UNLAWFUL SEPTEMBER 12, 2022, ARREST AND SUBSEQUENT DISMISSAL OF FRIVOLOUS CHARGES

**11.** On or about September 12, 2022, Plaintiff Arogant Hollywood was falsely arrested in front of the South Pasadena Public Library. Said false arrest occurred after Jacinta Mary Lincke, acting with racial bias and racial animus, contacted law enforcement and requested that Arogant Hollywood be arrested for allegedly violating her restraining order.

**12.** Following this unlawful arrest, Arogant Hollywood was held in custody for approximately seven (7) days. Thereafter, a judicial officer at the Alhambra Superior

Court granted Arogant Hollywood release on his own recognizance (OR) over the objection of the People.

**13.** At a subsequent hearing on Arogant Hollywood's written demurrer, the People and the City of South Pasadena's bogus, frivolous, and fabricated charges were dismissed. These frivolous counts included the alleged violation of Lincke's criminal protective order, issued erroneously in September 2021, pursuant to California Penal Code § 166(c)(1) and/or § 273.6, and alleged trespassing in violation of California Penal Code § 602. Additionally, the presiding judge noted and agreed with Arogant Hollywood that there was no probable cause for his September 2022 arrest because he was simply sleeping there. Furthermore, there was no legal basis for his arrest or the issuance of a protective order under California Penal Code § 136.2, as Arogant Hollywood has no personal or domestic relationship with the lying Jacinta Lincke, and therefore, he could not be lawfully placed on such a criminal protective order after the termination of proceedings.

## C. THE RETALIATORY SECOND FALSE ARREST AND MALICIOUS CONDUCT BY CITY OF SOUTH PASADENA PEACE OFFICERS

**14.** Shortly after Arogant Hollywood was released from custody—having defeated the People and having proven that its dismissed charges lacked any probable cause—City of South Pasadena peace officers, led by Sergeant Matthew Ronnie and Timothy Kim, falsely arrested Arogant Hollywood again on or about October 12, 2022. This subsequent false arrest occurred after their co-conspirator, Jacinta Mary Lincke, made a call to law enforcement falsely alleging that Arogant Hollywood was dwelling on the top floor of the backside of the South Pasadena Public Library and the South Pasadena Public Library park area.

**15.** After falsely arresting Arogant Hollywood and transporting him to the City of Alhambra Police Department Detention Center, Arogant Hollywood refused to sign a

citation and lawfully requested to see a magistrate. This request frustrated peace officer Timothy Kim, who replied by stating: "Sign this citation nigger or I will make your life a living hell in South Pasadena!"

**D. UNLAWFUL DETENTION, RELEASE, AND THE MALICIOUS WITHHOLDING OF PERSONAL PROPERTY**

**16.** On or about October 12, 2022, Arogant Hollywood remained in custody at the City of Alhambra Detention Center and was shortly thereafter transported to the County of Los Angeles Jail. Within forty-eight (48) hours, the County of Los Angeles District Attorney's Office declined to file charges, and Arogant Hollywood was released. However, since Arogant Hollywood was released from the County, Timothy Kim maliciously did not leave Plaintiff's personal property with the City of Alhambra Detention Center, and instead booked it into evidence at the City of South Pasadena Police Department property room.

**E. THE MEETING OF THE MINDS: CONSPIRACY AND FALSE POLICE REPORTS BY FORMER COUNCIL MEMBERS**

**17.** In September 2022, former City of South Pasadena Council Member Evelyn Gadia Zneimer and Jonathan David Primuth had a meeting of the minds to conspire to have Arogant Hollywood arrested. Shortly thereafter, both individuals filed false police reports. First, Defendant Zneimer filed a false police report alleging criminal threats, fabricating that sometime in September 2022, Arogant Hollywood saw her at the City of South Pasadena City Hall, threatened to physically harm her, and specifically called her a "bitch." This fabricated and false police report was taken by their regular co-conspirator, Timothy Kim. Despite Defendant Kim pressing the very weak Zneimer criminal threats case to the District Attorney, the Alhambra District Attorney declined to file charges against Arogant Hollywood. Additionally, in September 2022, Zneimer's co-conspirator, Jonathan David Primuth, filed a false police report against Arogant Hollywood with

Timothy Kim, who was the same exact peace officer who had previously falsely arrested Arogant Hollywood numerous times at the South Pasadena Public Library and who was a regular co-conspirator in violating the civil rights of Arogant Hollywood. Defendants Brian Solinsky, Zneimer, and Primuth were all expressly warned via electronic mail messages served upon them numerous times in 2021 and 2022 to stop violating Arogant Hollywood's civil rights, or they would face severe legal consequences.

## F. THE OCTOBER 13, 2022 RELEASE, DENIAL OF PROPERTY, AND CONFRONTATION WITH JONATHAN DAVID PRIMUTH

**18.** On or about October 13, 2022, Arogant Hollywood was released from the County of Los Angeles Jail. Upon being released, Arogant Hollywood had nothing with him except his shorts, a tank top, and his court paperwork. Arogant Hollywood did not have his mobile phone to call his fiancée, Alison Helen Fairchild, nor did he have his wallet to purchase any food for himself. After getting released, Arogant Hollywood caught the LA Metro Gold Line from Los Angeles Union Station and deboarded the train at the South Pasadena Station, which at the time was called Mission Street Station.

**19.** On or about October 13, 2022, Arogant Hollywood went to the South Pasadena Police Department front counter and demanded that his property be released because it was cold outside and he did not have a blanket. Arogant Hollywood demanded his property be released because he did not have his mobile phone to call his fiancée, Alison Helen Fairchild, to tell her he had been released. Sergeant Craig Phillips, who was the watch commander, told Arogant Hollywood that he could not get his property until the following morning. Arogant Hollywood then began sleeping on the bench outside of the South Pasadena City Hall, which is adjacent to the South Pasadena Police Department. About an hour later, at approximately 7:30 PM, Arogant Hollywood confronted Jonathan David Primuth and told him that he knew he was the Council Member and planned on suing him. Jonathan Primuth then gave Arogant Hollywood his business card and

requested that Arogant Hollywood have his lawsuit served upon him personally at City Hall.

**20.** On or about October 13, 2022, at approximately 8:00 PM, Defendant Jonathan David Primuth left the South Pasadena Police Department and started walking west on Mission Street. Arogant Hollywood followed behind him and yelled for him to go get his property and that he was going to sue the dog shit out of Primuth and his family. Jonathan David Primuth then started jogging away, and Arogant Hollywood also jogged to catch up with him. By the time Jonathan David Primuth had reached the railroad crossing in front of the South Pasadena LA Metro Station, Arogant Hollywood was close enough to have easily physically caught him, but decided to turn around and leave him alone.

## G. THE OCTOBER 13, 2022, CONFRONTATION AND RETALIATORY FALSE ARREST

**21.** On or about October 13, 2022, at approximately 7:35 PM, Defendant Jonathan David Primuth left the South Pasadena Police Department and started walking west on Mission Street. Plaintiff Arogant Hollywood followed behind him and yelled for him to go get his property, and further stated that he was going to sue the dog shit out of him and his family. Jonathan David Primuth then started jogging away, and Arogant Hollywood also jogged to catch up with him. By the time Jonathan David Primuth had reached the railroad crossing in front of the South Pasadena LA Metro Station, Arogant Hollywood was close enough to have easily physically caught him, but Arogant Hollywood decided to turn around and leave him alone.

**22.** On or about October 13, 2022, at approximately 7:45 PM—exactly ten minutes after the Primuth confrontation—Arogant Hollywood was surrounded by City of South Pasadena peace officers, specifically Sergeant Craig Phillips, four-year peace officer Timothy Kim, and two other unidentified peace officers. This occurred in front of a small convenience store/gas station located directly behind the City of South Pasadena Police

Department. Sergeant Craig Phillips told Arogant Hollywood that the police department had received a call. Craig Phillips asked Arogant Hollywood if he had followed Council Member Jonathan David Primuth. Arogant Hollywood admitted that he had, in fact, followed him, told him to go get his property, and stated that he planned on suing the shit out of him. Craig Phillips told Arogant Hollywood that he had repeatedly followed Jonathan Primuth for several blocks and that Primuth had feared for his life. While California Penal Code § 646.9(a) (Stalking) strictly requires a person to willfully, maliciously, and *repeatedly* follow or harass another person on more than one occasion, incompetent peace officers Craig Phillips and Timothy Kim (conspiring jointly) erroneously and maliciously believed that they had probable cause for arresting Arogant Hollywood for a violation of Penal Code § 646.9 because Arogant Hollywood had followed Jonathan David Primuth for several blocks on one single occasion. Craig Phillips then instructed peace officer Timothy Kim to place Arogant Hollywood under arrest, as he was at the time the acting patrol watch commander of the city of South Pasadena police department.

**23.** The arrest effectuated by Defendants Jonathan David Primuth, City of South Pasadena, Brian Solinsky, and Timothy Kim was definitively false and lacked any probable cause because Arogant Hollywood had not violated California Penal Code § 646.9 by following Primuth a single time. Furthermore, at the time of the false arrest, Defendants knew unequivocally that Arogant Hollywood had never followed or harassed Primuth in the past in any manner that would or could have been considered Arogant Hollywood making a credible threat against him. Primuth recklessly signed a felony private person's arrest form and demanded peace officers take Arogant Hollywood into custody immediately. Furthermore, as a partner of the law firm Lagerlof LLP assisting clients with elder abuse restraining orders, Primuth knew extremely well that Arogant Hollywood had not violated California Penal Code § 646.9 by following him for multiple blocks on a single occasion.

## H. FORGERY OF THE PROBABLE CAUSE DECLARATION AND VIOLATION OF MCLAUGHLIN MANDATES

**24.** Shortly thereafter, Arogant Hollywood was transported to the City of Alhambra Adult Detention Center, and within ten (10) hours, he was transported to the County of Los Angeles Jail. While in custody, Arogant Hollywood explicitly explained to Defendant Kim that he never stalked Primuth and warned Kim that he had better make sure he gets a certificate of probable cause within the next 48 hours.

**25.** Within twelve (12) hours of Arogant Hollywood's false arrest, and in furtherance of the City of South Pasadena's conspiracy to violate his civil rights by illegally keeping him in custody, rogue peace officer Timothy Kim forged a Superior Court of California, County of Los Angeles Certificate of Probable Cause Determination, fraudulently and criminally signing a judicial officer's name on it. Pursuant to California Penal Code § 817, the form was clearly a phony because Timothy Kim alleged that it was done telephonically, while the October 2022 revised form required peace officer Kim to formally email it to: **email4PCD@lacourt.org**. Kim purposefully bypassed using the mandatory judicial LASC CRIM 064 form by using an outdated form that did not require it to be emailed to the court. Defendants never had probable cause. Pursuant to the binding precedent set forth in *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), California Penal Code § 817, and the Fourth Amendment of the United States Constitution, Arogant Hollywood should have been released from custody within 48 hours of his arrest. The fraudulent and criminal actions of Defendants Solinsky, Kim, Phillips, Primuth, and the City of South Pasadena violently violated Arogant Hollywood's constitutional rights.

**26.** The phony probable cause declaration, criminally and fraudulently manufactured, was never signed by any judge. More importantly, the written statement on the phony probable cause declaration falsely stated that Arogant Hollywood had violated California

Penal Code § 646.9 by repeatedly following Defendant Primuth for several blocks on one single occasion. These fabricated police report written statements recklessly violated Arogant Hollywood's Fourth Amendment constitutional civil rights under the Search and Seizure clause.

## I. PROSECUTORIAL MISCONDUCT AND KNOWING PRESENTATION OF FORGED DOCUMENTS

**27.** On or about October 17, 2022, Defendant Brian Mark Rosenberg (State Bar No. 291501) willfully, recklessly, maliciously, knowingly, deliberately, fraudulently, carelessly, and callously presented peace officer Timothy Kim's phony certificate of probable cause to the court and to Arogant Hollywood. This was in direct violation of California Penal Code § 817, as the document was not signed, dated, or block-stamped by any judicial officer. Furthermore, the revised **LASC CRIM 064** form required rogue peace officer Timothy Kim to send his probable cause declaration to: **epcd@lacourt.org**. No probable cause was ever transmitted to any Superior Court of California criminal court, and no Superior Court of California has any electronic or physical records of its existence. Furthermore, Rosenberg's illegal actions of presenting the phony probable cause as evidence that law enforcement had complied with their *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991) obligations was in direct violation of the Superior Court of California, County of Los Angeles, Local Criminal Rule 8.17, which specifically states: *"Any party seeking to introduce evidence of prior convictions, or any other information contained within court files, in any proceeding must, prior to the trial date, obtain certified copies only of the relevant documents from the Clerk's Office where the file is located. A request for certified copies must be made a sufficient time before trial so as not to delay the trial. The original files will not be sent to the trial court unless the court orders so for good cause on written application. Failure to obtain the documents in a timely fashion will not be good cause for a continuance,"* and the Fourth Amendment of the United States Constitution.

## J. FOURTEENTH AMENDMENT DUE PROCESS AND EQUAL PROTECTION VIOLATIONS: CONDITIONS OF CONFINEMENT AS A PRETRIAL DETAINEE, DELIBERATE INDIFFERENCE, AND DENIAL OF ACCESS TO THE COURTS

**28.** Between October 16, 2022, and October 20, 2022, Arogant Hollywood was placed on a bogus suicide watch by an incompetent doctor. While on suicide watch, Arogant Hollywood was completely unable to prepare for court, had absolutely no access to the telephone, was not given a mattress, and jail deputies, including Deputy Sanchez and others, maliciously shut his water off. In direct violation of LASD PARS CDM 5-13/020.00 & 12/003.00 cruel LASD deputies denied Arogant Hollywood any access to a telephone from October 13, 2022 to on or about November 4, 2022. Furthermore, between on or about October 20, 2022, and October 23, 2022, Arogant Hollywood was denied all meals by jail deputy peace officer Sanchez. For nearly three days, Arogant Hollywood was given no food and had no water, as Deputy Sanchez and other deputies shut it off and specifically instructed inmate workers not to turn it back on. Around the third day of not eating or drinking water, on or about October 24, 2022, Arogant Hollywood collapsed and fainted in his cell, and on the way down, violently hit his chin on the metal bunk. Shortly thereafter, Arogant Hollywood called out for jail deputies conducting security checks to take him to the hospital, explicitly stating that he was "man down." These deliberately indifferent peace officers visually saw Arogant Hollywood bleeding profusely and did absolutely nothing, opting to walk by his cell and ignore his critical medical needs in violation of his rights as a pretrial detainee under the Due Process and Equal Protection clauses of the Fourteenth Amendment. Numerous times and on numerous occasions Arogant Hollywood between October 13, 2022 and November 4, 2022 Arogant Hollywood requested that LASD peace officer jail deputies either give him a grievance form or assist with completing one, jail deputies all refused to do so.

**29.** Between October 16, 2022, and approximately November 4, 2022, Defendants failed to provide Arogant Hollywood with a mattress, forcing him to sleep on a very hard, bare metal bed frame. Finally, when an investigator by the name of Blackburn or Blackwell from the County of Los Angeles Office of Inspector General came to the jail and visually observed Arogant Hollywood without a mattress, he was finally provided with one. Additionally, from October 13, 2022 until approximately November 4, 2022 LASD deputies willfully, recklessly, maliciously, knowingly, deliberately, cruelly, carelessly, and maliciously refused to allow Arogant Hollywood to take a shower at all, in direct violation of Title 15 and LASD PARS (CDM 5-13/040.00).

**30.** On or about November 5, 2022, Arogant Hollywood was transported to Men's Central Jail, 5000 floor housing. The specific housing assignment made it utterly impossible for him to work on his legal defense. Inmates kept the television turned up to maximum volume all night long, the lights never went out, and whenever Arogant Hollywood attempted to sit at the table to study law, violent physical altercations—including 1-on-1 fights, 2-on-1 fights, 3-on-1 fights, and 2-on-2 fights—would continuously break out at the tables directly around him. The Los Angeles Sheriff's Department (LASD) actively created a state-created danger and placed Arogant Hollywood in a highly volatile, life-threatening environment where inmates possessed knives and essentially controlled Arogant Hollywood's dorm. While confined to this particular dorm, Arogant Hollywood was deprived of any access to the law library to fight his case.

**31.** On or about November 6, 2022, Arogant Hollywood was relocated to mental health housing located in the second tower of the Twin Towers Correctional Facility. At that time, Arogant Hollywood was still unable to study his law because there was absolutely no light in his cell, and inmates in his assigned module were subjected to institutional lockdowns for nearly 13 hours a day.

**32.** When Arogant Hollywood officially complained and rightfully demanded to be placed in a cell with adequate lighting so he could spend the necessary hours preparing for his preliminary hearing defense, racist, incompetent, and poorly trained peace officers blatantly refused to accommodate him. When Arogant Hollywood refused to remain in a cell devoid of light, these incompetent LASD jail deputies retaliated by placing Arogant Hollywood in disciplinary segregation.

## K. FOURTEENTH AMENDMENT DUE PROCESS VIOLATIONS: UNCONSTITUTIONAL DISCIPLINARY PROCEEDINGS AND TITLE 15 VIOLATIONS

**33.** After poorly trained LASD deputies placed Arogant Hollywood in disciplinary segregation, an LASD sergeant conducted an illegal and unconstitutional disciplinary hearing that was entirely in violation of the California Code of Regulations, Title 15. Specifically, Title 15 strictly requires a lieutenant to conduct a disciplinary hearing, not a sergeant. Furthermore, Title 15 requires that an inmate be allowed to call witnesses, requires the hearing officer to advise the inmate of his rights prior to or during the disciplinary hearing, and requires that the inmate be given a copy of the disciplinary report. The Los Angeles Sheriff's Department maintains a deeply entrenched custom, policy, and procedure of deliberately not providing inmates with a copy of their disciplinary reports. Finally, Title 15 requires that the inmate receive a written form allowing the inmate to appeal the disciplinary hearing results; this mandatory procedure was also maliciously omitted and not done. These actions violated Arogant Hollywood's Fourteenth Amendment Due Process rights as a pretrial detainee.

**34.** After Arogant Hollywood's disciplinary confinement ended on or about November 27, 2022, LASD jail Deputy Cecena demanded that Arogant Hollywood roll up his property and return to be housed back at Men's Central Jail, 5000 floor housing. As previously stated, this was an inherently dangerous state-created environment where

fights and brawls were constantly breaking out, the television was kept at maximum volume all night long, and there was absolutely no access to the law library. Arogant Hollywood rightfully declined this life-threatening housing assignment and mostly remained in disciplinary segregation until shortly before his release. He was subsequently placed on suicide watch and almost died just prior to his release from custody in early January 2023. Between November 4, 2022 and January 2, 2023 Arogant Hollywood turned in over fifty LASD grievance forms, including emergency medical grievances, not one single grievance form was responded so that Plaintiff could appeal the original decision, these actions of LASD sergeants was in direct violation of *Rosas v. Jim McDonnell* **(2:12-cv-0428 (C.D. CA)** and LASD PARS CDM 8-03/005.00 & 8-03/010.00).

## L. PROFESSIONAL NEGLIGENCE AND FAILURE TO INVESTIGATE BY ORIGIN INVESTIGATIONS

**35.** In late November 2022, Arogant Hollywood hired Origin Investigations Inc. to assist him with his legal defense in his criminal case. Instead of helping with Arogant Hollywood's case, they did absolutely nothing. Origin Investigations Inc. negligently and recklessly failed to interview several critical witnesses, recklessly failed to obtain or subpoena any relevant exculpatory evidence, and only came to see Arogant Hollywood one single time in person at the jail. Furthermore, they failed to properly and professionally transcribe crucial video and audio evidence, and completely failed to obtain video and audio evidence that was in the known possession of the District Attorney.

## M. COUNTY OF LOS ANGELES AND SOUTH PASADENA POLICE DEPARTMENT'S JOINT EFFORT AND CONSPIRACY TO MALICIOUSLY PROSECUTE AROGANT HOLLYWOOD WITHOUT PROBABLE CAUSE

**36.** The People's telephonic determination of probable cause for the October 13, 2022, arrest was signed by peace officer Timothy Kim rather than a judicial officer. This telephonic determination expired on October 15, 2022, at 10:33 p.m., after which Arogant Hollywood was unlawfully held in custody without a valid judicial determination of probable cause.

**37.** On October 17, 2022, Deputy District Attorney Christina A. Young illegally filed a frivolous three-count felony criminal complaint charging Arogant Hollywood with violations of California Penal Code §§ 71(a), 422(a), and 646.9(a) without first obtaining a judicial determination of probable cause.

**38.** County of Los Angeles, the Los Angeles County Sheriff's Department, and the District Attorney's Office intentionally and deliberately failed to transport Arogant Hollywood to court on October 17, October 18, October 19, October 20, and October 21, 2022.

**39.** At Arogant Hollywood's first court appearance on October 24, 2022, Judge Jared D. Moses ordered the People to provide discovery and ordered LASD to bring Arogant Hollywood's mobile phone to court because it contained exculpatory video evidence. At this hearing, the People misled the court by falsely claiming they possessed a judicial determination of probable cause for the three felony charges.

**40.** During subsequent hearings on November 8, November 9, November 14, and November 28, 2022, the People, specifically Deputy District Attorney Jin Kyoung Lee, engaged in prosecutorial misconduct by deliberately withholding an exculpatory video recording that had been in their possession since October 17, 2022. On November 28, 2022, Lee lied to Judge Adam Y. Chang by falsely stating she had not yet downloaded the videos.

**41.** On November 14, 2022, Judge Adam Y. Chang denied Arogant Hollywood's emergency motion for release and unconstitutionally refused to order Arogant Hollywood to Department 1 of the Alhambra Superior Court so that he could timely file his Superior Court writ of habeas corpus. The basis of Arogant Hollywood's emergency habeas corpus was the facts that Timothy Kim's probable cause was a phony, Arogant Hollywood could not be charged with violation of Penal Code §§ 422 and 71 because he never made a verbal statement to physically harm Primuth, and he could not be charged with violation of Penal Code § 646.9 because he never had more than one confrontation with Primuth.

**42.** On November 29 and November 30, 2022, Supervising Judge Jared D. Moses summarily denied Arogant Hollywood's original and refiled writs of habeas corpus without conducting a hearing. Judge Moses falsely claimed the November 29 writ was unverified and deliberately ignored the Fourth Amendment arguments regarding the lack of probable cause under *County of Riverside v. McLaughlin*.

**43.** Jonathan Primuth's own statements to South Pasadena Police Officer Timothy Kim confirmed that prior to October 13, 2022, Primuth had never had an individual encounter with Arogant Hollywood. This single encounter legally precluded any probable cause for a stalking charge under Penal Code § 646.9(a), which strictly requires repeated following or a course of conduct.

**44.** The South Pasadena police report contains zero statements or evidence alleging that Arogant Hollywood ever made a verbal threat to physically harm or cause death or great bodily injury to Jonathan Primuth or his family. The arrest was based solely on Arogant Hollywood making First Amendment-protected statements threatening to file a lawsuit.

**45.** Los Angeles County Sheriff's Department staff deliberately and intentionally deprived Arogant Hollywood of his scheduled meals on October 18, 19, 20, 21, 22, 23, 28, 29, 30, November 2, and December 3, 2022.

**46.** Los Angeles County Sheriff's Department staff deliberately denied Arogant Hollywood access to legal telephone calls by intentionally failing to provide him with a legal law library telephone PIN number. Furthermore, LASD intentionally failed to take Arogant Hollywood to the law library between November 3, 2022, and December 8, 2022, granting him access only twice after December 1 because the Lexis Nexis computer software was malfunctioning and staff refused to call customer service.

**47.** The Los Angeles County Sheriff's Department allowed inmate workers to continuously tamper with and steal portions of Arogant Hollywood's special diet on a nearly daily basis.

**48.** The Los Angeles County Superior Court created local rules prohibiting Arogant Hollywood's runner from acting in her legal capacity, substantially delaying his legal defense and freedom.

## N. MALICIOUS PROSECUTION, PRELIMINARY HEARING, AND DISMISSAL OF BOGUS CHARGES

**49.** At the preliminary hearing held on or about January 3, 2023, racially biased and racially animus Deputy District Attorney Jin Kyoung Lee (State Bar No. 280307) continued to maliciously prosecute Arogant Hollywood by pursuing the bogus felony charges of Count 1: violation of California Penal Code § 71, Count 2: violation of Penal Code § 422, and Count 3: violation of Penal Code § 646.9. These were all bogus felony charges derived from a fabricated City of South Pasadena police report falsely alleging that Arogant Hollywood stalked Jonathan David Primuth by repeatedly following him a single time for several blocks.

**50.** At the preliminary hearing, even after Jonathan David Primuth had testified against Arogant Hollywood and even after Jin Kyoung Lee had argued that Arogant Hollywood should be held to answer, the Honorable Michael Villalobos dismissed all three counts and affirmatively ruled that none of the People's bogus charges had any probable cause.

**51.** Furthermore, during the preceding criminal demurrer proceedings, Deputy District Attorney Lee officially opposed Arogant Hollywood's demurrer and continued to maliciously prosecute Arogant Hollywood without probable cause, despite her actual knowledge that there was absolutely no evidence that Arogant Hollywood had ever committed a crime.

**52.** In furtherance of the City of South Pasadena's conspiracy to keep Arogant Hollywood in jail for numerous serious felony crimes the City knew he had never committed, City of South Pasadena female Detective Catalina Valdez—who was also present during numerous of Arogant Hollywood's prior false arrests—attempted to police interview fake victim Jonathan David Primuth in desperate hopes of making the District Attorney's extremely weak case stronger. Consequently, Arogant Hollywood spent nearly 95 consecutive days in custody with his bail set at $200,000.

**53.** After Arogant Hollywood won his preliminary hearing, racially animus and racially biased sore loser Jin Kyoung Lee recklessly filed a motion to reinstate Arogant Hollywood's bogus three charges that Judge Michael Villalobos had already found had zero probable cause, pursuant to California Penal Code § 871.5.

**54.** On or about February 10, 2023, the Superior Court of California, County of Los Angeles, Alhambra Superior Court, presiding judicial officer Jared Moses denied Jin Kyoung Lee's frivolous petition, explicitly telling her that he saw no probable cause for the three bogus charges of violation of Penal Code § 71, Penal Code § 646.9 (stalking), and Penal Code § 422 (criminal threats). This marked the second time in exactly 60 days

that a different judicial officer told County of Los Angeles criminal prosecutors that there was zero probable cause for any of its three bogus felony charges.

## O. MONELL ALLEGATIONS: CITY OF SOUTH PASADENA'S CUSTOM AND POLICY OF FALSE ARRESTS

**55.** The Defendant City of South Pasadena maintains a deeply entrenched custom, policy, procedure, and tradition of willfully, recklessly, maliciously, wantonly, carelessly, fraudulently, knowingly, and callously violating Arogant Hollywood's civil rights. This municipal tradition is evidenced by a sustained pattern of unconstitutional conduct and false arrests, including but not limited to:

- **2016: A false arrest and fake criminal threats charges fabricated and orchestrated by City of South Pasadena Police Department Detective Michael Palmeri, for which Arogant Hollywood spent nearly 60 consecutive days in custody before it was dismissed and overturned in 2016.**
- **August 16, 2021: A false arrest of Arogant Hollywood that never resulted in charges being filed.**
- **August 17, 2021: A false arrest that was ultimately overturned and dismissed on or about April 2, 2022.**
- **September 3, 2021: A false arrest by peace officers Craig Phillips and Timothy Kim for allegedly violating Jacinta Mary Lincke's criminal protective order—an order that should have never been issued. This false arrest was made after Arogant Hollywood had his fiancée, Alison Helen Fairchild, contact Lincke on her mobile phone to lawfully give her ex parte notice.**

- **September 2021: A false arrest in which Arogant Hollywood was falsely arrested outside of the City of South Pasadena Police Department by Sergeant Matthew Ronnie; the case was charged but ultimately dismissed on or about April 2, 2022.**

- **December 31, 2021: A false arrest in front of the South Pasadena Public Library's front entrance by rogue peace officer Patrick Zamora, who unlawfully arrested Arogant Hollywood for allegedly violating Jacinta Mary Lincke's criminal protective order—which should have never been issued—because Arogant Hollywood was purportedly standing within less than 100 yards of Lincke's residence located at 1017 Diamond Avenue.**

- **May 2022: A false arrest occurring at the City of South Pasadena Public Library that was never prosecuted.**

- **September 2022: A false arrest for trespass and violating a Jacinta Mary Lincke criminal protective order that should have never existed; the entire case was dismissed even though the County of Los Angeles District Attorney maliciously prosecuted Arogant Hollywood.**

- **Mid-October 2022: A false arrest at the South Pasadena Public Library that was never prosecuted.**

**56.** In furtherance of this unconstitutional custom, policy, and practice of malicious prosecution, the City of South Pasadena and the County of Los Angeles engaged in an ongoing civil rights conspiracy with Jacinta Mary Lincke. Specifically, during the Jonathan David Primuth felony case proceedings, City of South Pasadena Detective Catalina Valdez and Alhambra Deputy District Attorney Jin Kyoung Lee contacted Jacinta Mary Lincke. During this communication, Lincke conspired with Defendants,

stating she would be willing to testify at Arogant Hollywood's trial to falsely allege that he had made a criminal threat to her on or about August 17, 2021.

## P. FOURTEENTH AMENDMENT VIOLATIONS: UNSANITARY MEALS, DIETARY TAMPERING, AND MEDICAL NEGLECT AS A PRETRIAL DETAINEE

**57.** During his entire false and wrongful incarceration between October 16, 2022, and on or about January 7, 2023, the Los Angeles Sheriff's Department (LASD) and its former Sheriff Alejandro Villanueva willfully, recklessly, maliciously, wantonly, carelessly, fraudulently, knowingly, and callously violated Arogant Hollywood's civil rights. Pursuant to the California Code of Regulations, Title 15, § 1240 (Standard of Diet), Arogant Hollywood was legally entitled to two hot meals a day while in pretrial detention. Instead, on each day of his incarceration, LASD fed him a cold breakfast, a cold sack lunch, and a cold dinner.

**58.** Due to lazy LASD jail deputies bringing up Arogant Hollywood's meals from the kitchen and then keeping the food sitting in front of his cell door or near the deputies' workstation for normally four (4) consecutive hours, Arogant Hollywood received unhealthy and unsanitary cold dinners on at least 88 days out of his nearly 95-day incarceration. Arogant Hollywood had a constitutional right to receive dinner meals that were not cold and had not been left sitting outside his cell or at the deputies' workstation for four additional hours after being brought up from the kitchen.

**59.** While Arogant Hollywood was incarcerated, he was denied his due process rights as a pretrial prisoner by the County of Los Angeles Sheriff's Department, which willfully, recklessly, wantonly, maliciously, deliberately, knowingly, carelessly, and callously allowed inmate workers to steal his physician-ordered soy milk and replace it with cow's milk, which Arogant Hollywood is allergic to. Furthermore, these same inmates recklessly stole Arogant Hollywood's eggs that he received for breakfast and replaced

them with peanut butter, which Arogant Hollywood is also allergic to and had an express physician's order not to receive any peanut butter in his special diet. LASD and the County of Los Angeles were grossly negligent for allowing inmates to touch and handle Arogant Hollywood's special diet in the first place. This dangerous dietary tampering occurred on at least 30 nonconsecutive days during Arogant Hollywood's incarceration.

**60.** Between December 31, 2022, and January 6, 2023, Arogant Hollywood protested his cold dinners and the allergic peanut butter and cow's milk being placed into his physician-prescribed special diet by going on a three-meals-a-day food strike. On or about the fifth day, Arogant Hollywood became severely ill from not eating at all and having only water as food. Several jail deputies actively made fun of Arogant Hollywood and maliciously refused to get a nurse or take him to the clinic.

**61.** By the time Arogant Hollywood was released from custody, he was so physically weak that he was lying down all day long in his cell. When Arogant Hollywood requested one jail deputy to call a nurse, explicitly warning him that he could die in his cell from not eating, this racist Latino/Anglo jail deputy replied: **"GOOD, I HOPE YOU DIE! I DON'T GIVE A SHIT IF YOU DIE IN THAT CELL!"**

## Q. MONELL ALLEGATIONS: COUNTY OF LOS ANGELES' CUSTOM, POLICY, AND PRACTICE OF RECKLESS MALICIOUS PROSECUTION

**62.** The Defendant County of Los Angeles, acting through its District Attorney's Office, maintains a deeply entrenched custom, policy, practice, procedure, and tradition of recklessly, maliciously, and callously prosecuting Arogant Hollywood without any probable cause. This unconstitutional tradition of prosecutorial harassment and abuse of power is evidenced by a sustained pattern of baseless charges, including but not limited to:

- **2012:** A bogus felony criminal threats case was maliciously prosecuted in Pasadena Superior Court.

- **Airport Courthouse:** A bogus felony case charged as a Three Strikes case, in which the County of Los Angeles oppressively and unconstitutionally requested Arogant Hollywood's bail be set at just over $1,000,000.00. These bogus felony charges were definitively dismissed after Arogant Hollywood spent 75 days in custody.

- **Spring 2016:** Bogus originally charged felony criminal threats that were subsequently downgraded to misdemeanor criminal threats and dismissed later the same year.

- **2016 (El Monte):** Bogus misdemeanor charges filed in El Monte that lacked such merit they were dismissed on the very first day of the case.

- **September 2022:** Bogus misdemeanor charges (three counts) dismissed in Alhambra Superior Court. The presiding judicial officer explicitly noted there was absolutely no probable cause after sustaining Arogant Hollywood's written criminal demurrer.

- **October 2022:** Bogus felony charges (three counts) filed in Alhambra Superior Court regarding the fabricated Jonathan David Primuth stalking allegations. Two separate judicial officers ruled that there was no probable cause for any of the charges. This extremely weak case lasted only 95 days and was definitively dismissed at the preliminary hearing—a stage of criminal proceedings where it is notoriously difficult for a defendant not to get bound over.

- **September 2023:** Bogus misdemeanor charges (three counts) dismissed in Pasadena Superior Court.

## R. THE LINCKE CONSPIRACY: RACIAL ANIMUS, FABRICATED PROTECTIVE ORDERS, AND COORDINATED FALSE ARRESTS WITH LAW ENFORCEMENT

**63.** At all times relevant herein, racially biased and racially animus private citizen Jacinta Mary Lincke acted as a willing co-conspirator with the City of South Pasadena Police Department and the County of Los Angeles District Attorney's Office. Lincke actively weaponized a fraudulently obtained and erroneously issued September 2021 criminal protective order—which stemmed directly from phony and bogus criminal threats charges that were ultimately overturned and dismissed on or about April 2, 2022—to orchestrate a continuous campaign of false arrests and malicious prosecution against Plaintiff Arogant Hollywood. This occurred despite the absolute legal reality that Arogant Hollywood had no personal or domestic relationship with the lying Jacinta Lincke that would lawfully justify the issuance of a protective order after the termination of proceedings under California Penal Code § 136.2.

**64.** On or about September 3, 2021, Arogant Hollywood was falsely arrested by South Pasadena peace officers Craig Phillips and Timothy Kim for allegedly violating Jacinta Mary Lincke's invalid criminal protective order. This false arrest was effectuated strictly because Arogant Hollywood lawfully had his fiancée, Alison Helen Fairchild, contact Lincke on her mobile phone to legally and properly provide her with ex parte notice. **To facilitate this unlawful deprivation of liberty, Jacinta Mary Lincke signed a private person's arrest form and maliciously requested that Arogant Hollywood be taken into custody for violating this criminal protective order that should have never been issued.**

**65.** On or about December 31, 2021, rogue peace officer Patrick Zamora effectuated another false arrest of Arogant Hollywood in front of the South Pasadena Public Library's front entrance. Zamora unlawfully arrested Arogant Hollywood for allegedly violating

Jacinta Mary Lincke's invalid protective order merely because Arogant Hollywood was purportedly standing within less than 100 yards of Lincke's residence located at 1017 Diamond Avenue. During this incident, Jacinta Mary Lincke again actively conspired with law enforcement by signing a private person's arrest form and requesting that Arogant Hollywood be taken into custody for violating her never-should-have-been-issued criminal protective order.

**66.** In May 2022, Jacinta Mary Lincke again actively conspired with law enforcement to effectuate another false arrest of Arogant Hollywood. Acting with malicious intent, Lincke utilized her bogus and invalid criminal protective order to have Arogant Hollywood arrested for simply being outside of the City of South Pasadena Public Library.

**67.** On or about September 12, 2022, Arogant Hollywood was falsely arrested in front of the South Pasadena Public Library after Jacinta Mary Lincke contacted law enforcement. Acting with racial animus, Jacinta Mary Lincke signed a private person's arrest form and requested that Arogant Hollywood be taken into custody for allegedly violating her never-should-have-been-issued criminal protective order. Arogant Hollywood was simply sleeping in the area, and there was absolutely no probable cause for this arrest. Shortly after Arogant Hollywood was released from custody and defeated these frivolous charges, Lincke immediately conspired with law enforcement again. She made another fabricated call to law enforcement falsely alleging that Arogant Hollywood was dwelling on the top floor of the backside of the South Pasadena Public Library and the library park area, resulting in an immediate, retaliatory second false arrest led by Sergeant Matthew Ronnie and Timothy Kim.

**68.** The civil rights conspiracy between Jacinta Mary Lincke, the City of South Pasadena, and the County of Los Angeles extended directly into the malicious prosecution of the Jonathan David Primuth felony case. During the Primuth case

proceedings, City of South Pasadena Detective Catalina Valdez and Alhambra Deputy District Attorney Jin Kyoung Lee actively contacted Jacinta Mary Lincke. During this communication, Lincke conspired with these Defendants, creating a meeting of the minds, and explicitly agreed that she would be willing to testify at Arogant Hollywood's trial to falsely allege that he had made a criminal threat to her on or about August 17, 2021. This was a desperate, coordinated, and fraudulent attempt by Lincke, Valdez, and Lee to manufacture evidence and maliciously strengthen the District Attorney's extremely weak and baseless case against Arogant Hollywood.

## V. FEDERAL & CALIFORNIA TORT CLAIMS FOR RELIEF

### FIRST FEDERAL CLAIM FOR RELIEF-CONSPIRACY TO DEPRIVE CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1983 (Against Defendants Jonathan David Primuth, Jacinta Mary Lincke and DOES 1-10)

**69.** Plaintiff Arogant Hollywood hereby realleges, restates, and incorporates by reference paragraphs 1 through 68 of this Complaint as though fully set forth herein.

**70.** Under 42 U.S.C. § 1983, private citizens may be held liable for constitutional deprivations if they act under color of state law by conspiring or acting in concert with state officials to deprive a person of their civil rights. To establish such a conspiracy, there must be a "meeting of the minds" or an agreement between the private actors and the state actors to violate the plaintiff's constitutional rights.

**71.** Defendant Jacinta Mary Lincke, acting with racial bias and racial animus, reached a clear meeting of the minds and entered into an ongoing civil rights conspiracy with peace officers of the City of South Pasadena Police Department (including, but not limited to, Timothy Kim, Craig Phillips, Patrick Zamora, Matthew Ronnie, and Catalina Valdez) and prosecutors for the County of Los Angeles (including Jin Kyoung Lee). The express purpose of this conspiracy was to weaponize a fraudulently obtained and invalid

criminal protective order to subject Arogant Hollywood to a sustained campaign of retaliatory false arrests and malicious prosecutions. Furthermore, Lincke actively assisted and conspired in the malicious prosecution of the Jonathan David Primuth felony case; specifically, she conspired with Detective Catalina Valdez and Deputy District Attorney Jin Kyoung Lee by explicitly agreeing to provide fabricated, perjurious testimony at Arogant Hollywood's trial falsely alleging he made a criminal threat against her on or about August 17, 2021, in a coordinated effort to manufacture evidence and maliciously strengthen the District Attorney's extremely weak and baseless case.

**72.** In furtherance of this conspiracy, Jacinta Mary Lincke took joint and overt action with law enforcement by affirmatively signing private person's arrest forms and directing peace officers to unlawfully seize Arogant Hollywood on September 3, 2021, December 31, 2021, May 2022, and September 12, 2022, entirely without probable cause and in direct violation of Arogant Hollywood's Fourth Amendment rights.

**73.** Defendant Jonathan David Primuth reached a meeting of the minds and entered into a civil rights conspiracy with City of South Pasadena peace officers (including Craig Phillips and Timothy Kim) and former council member Evelyn Gadia Zneimer to unlawfully deprive Arogant Hollywood of his constitutional liberty. In furtherance of this conspiracy, Primuth knowingly and willfully fabricated police reports alleging that Arogant Hollywood stalked and made credible threats to cause death or great bodily harm to him and his family, despite knowing no such threats were ever made and that a stalking charge cannot legally be based on their single October 13, 2022, encounter.

**74.** By intentionally signing a private person's arrest form on October 13, 2022, and coordinating with Sergeant Craig Phillips and Officer Timothy Kim, Jonathan David Primuth acted jointly with state law enforcement to effectuate an unlawful seizure devoid of probable cause, violating Arogant Hollywood's Fourth Amendment rights. Furthermore, as a partner of the law firm Lagerlof LLP assisting clients with elder abuse

restraining orders, Primuth knew extremely well that Arogant Hollywood had not violated California Penal Code § 646.9 by following him for multiple blocks on a single occasion.

**75.** The joint actions, agreements, and concerted efforts of private Defendants Jacinta Mary Lincke and Jonathan David Primuth alongside state actors were the moving force behind the constitutional violations alleged herein. As a direct and proximate result of this unconstitutional conspiracy, Plaintiff Arogant Hollywood was subjected to multiple false arrests, malicious prosecution, and nearly 95 consecutive days of unlawful, unsanitary, and life-threatening pretrial detention.

**76.** The actions of Defendants Jacinta Mary Lincke and Jonathan David Primuth were willful, reckless, malicious, wanton, deliberate, and callously indifferent to Arogant Hollywood's federally protected rights, thereby entitling Plaintiff to an award of punitive damages to punish and deter such egregious conduct.

**SECOND FEDERAL CLAIM FOR RELIEF - CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS UNDER 42 U.S.C. § 1985(3) (Against Defendants Jonathan David Primuth, Jacinta Mary Lincke, Evelyn Gadia Zneimer, Chief Brian Solinsky, Lieutenant Shannon Robledo, Sergeant Craig Phillips, Officer Timothy Kim, Officer Isaac Gutierrez, Detective Catalina Valdez, Officer Patrick Zamora, Sergeant Matthew Ronnie, Detective Michael Palmeri, Deputy District Attorney Jin Kyoung Lee, Deputy District Attorney Christina A. Young, and Brian Mark Rosenberg)**

**77.** Plaintiff Arogant Hollywood hereby realleges, restates, and incorporates by reference paragraphs 1 through 76 of this Complaint as though fully set forth herein.

**78.** Under 42 U.S.C. § 1985(3), a plaintiff may recover damages if two or more persons conspire for the purpose of depriving, either directly or indirectly, any person or

class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and take an act in furtherance of the conspiracy whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States.

**79.** Defendants—specifically private citizens Jonathan David Primuth, Jacinta Mary Lincke, and Evelyn Gadia Zneimer, acting in concert with state actors Chief Brian Solinsky, Lieutenant Shannon Robledo, Sergeant Craig Phillips, Officer Timothy Kim, Officer Isaac Gutierrez, Detective Catalina Valdez, Officer Patrick Zamora, Sergeant Matthew Ronnie, Detective Michael Palmeri, Deputy District Attorney Jin Kyoung Lee, Deputy District Attorney Christina A. Young, and Brian Mark Rosenberg—formed a civil rights conspiracy. The express purpose of this conspiracy was to deprive Arogant Hollywood of his First, Fourth, and Fourteenth Amendment rights, driven by a class-based, invidiously discriminatory animus targeting him as an African American man engaging in lawful legal and political activities.

**80.** The conspiracy was characterized by a "meeting of the minds" between the private defendants, the named City of South Pasadena police officials, and the named County of Los Angeles prosecutors, evidenced by a sustained, coordinated pattern of retaliatory false arrests, forged legal documents, and malicious prosecutions.

**81.** In furtherance of this conspiracy to deprive Arogant Hollywood of his equal protection rights, Defendants committed numerous overt acts, including but not limited to:

- **The September 2022 Meeting of the Minds:** Former Council Member Evelyn Gadia Zneimer and Jonathan David Primuth conspired to simultaneously file fabricated police reports. Both reports were deliberately directed to their co-conspirators, Officer Timothy Kim and Issac Gutierrez, who had a documented history of falsely arresting Arogant Hollywood.

- **The Weaponization of the Lincke CPO:** Jacinta Mary Lincke conspired with Chief Brian Solinsky, Officer Patrick Zamora, Sergeant Matthew Ronnie, Officer Timothy Kim, Catalina Valdez, and Sergeant Craig Phillips to repeatedly and falsely arrest Arogant Hollywood using a fraudulently obtained and legally invalid criminal protective order, explicitly signing private person's arrest forms to ensure his unlawful detention.
- **The October 2022 Fabrication and Forgery:** Jonathan David Primuth conspired with Officer Isaac Gutierrez to file a false report outside of jurisdiction. Subsequently, Officer Timothy Kim and Sergeant Craig Phillips effectuated an unlawful seizure. Officer Timothy Kim then overtly acted in furtherance of the conspiracy by forging a Superior Court Certificate of Probable Cause, which Brian Mark Rosenberg and Deputy District Attorney Christina A. Young knowingly and maliciously presented to the court to illegally initiate prosecution.
- **The Cross-Case Collaboration (The Lincke/Primuth Testimony Agreement):** Demonstrating the depth of the conspiracy, Jacinta Mary Lincke conspired directly with South Pasadena Detective Catalina Valdez and Alhambra Deputy District Attorney Jin Kyoung Lee regarding the Jonathan David Primuth felony case. During these communications, Lincke explicitly agreed to provide fabricated, perjurious testimony at Arogant Hollywood's trial, falsely alleging he had made a criminal threat to her on August 17, 2021. This overt act was a coordinated effort by Lincke, Valdez, and Lee to manufacture evidence and maliciously strengthen the District Attorney's baseless prosecution.

**82.** The conspirators' actions were motivated by racial bias and racial animus, specifically intending to chill Arogant Hollywood's protected speech, deny him access to public spaces, and subject him to unconstitutional conditions of confinement within the County of Los Angeles jail/detention systems.

**83.** The conspirators' actions were motivated by racial bias and racial animus, specifically intending to chill Arogant Hollywood's protected speech, deny him access to public spaces, and subject him to unconstitutional conditions of confinement.

**84.** As a direct and proximate result of the Defendants' conspiracy under 42 U.S.C. § 1985(3)—and specifically the relentless, racially animus-driven conspiracy orchestrated by Jacinta Mary Lincke to weaponize invalid protective orders in coordination with law enforcement—Arogant Hollywood suffered severe injuries. These injuries include the unconstitutional loss of his freedom and liberty during multiple separate periods of false imprisonment: from September 12, 2022, to September 17, 2022; from October 12, 2022, to October 13, 2022; and for nearly 95 consecutive days from October 2022 to early January 2023. Additionally, Arogant Hollywood suffered starvation and physical injury resulting from unconstitutional jail conditions, as well as extreme emotional harm, mental anguish, embarrassment, humiliation, and degradation.

**85.** The actions of the Defendants—with Jacinta Mary Lincke acting as a primary catalyst in forming and executing this conspiracy to repeatedly strip Arogant Hollywood of his freedom—were willful, malicious, reckless, and callously indifferent to Arogant Hollywood's federally protected civil rights, entitling him to compensatory and punitive damages.

**86.** Furthermore, as a direct and proximate result of the overt conspiratorial acts committed by the remaining Defendants—specifically Jonathan David Primuth, Evelyn Gadia Zneimer, the City of South Pasadena, Chief Brian Solinsky, Sergeant Craig Phillips, Sergeant Matthew Ronnie, Officer Timothy Kim, Officer Issac Gutierrez, Detective Catalina Valdez, Officer Patrick Zamora, the County of Los Angeles, the County of Los Angeles District Attorney's Office, Deputy District Attorney Jin Kyoung Lee, and Brian Mark Rosenberg—Arogant Hollywood was unlawfully stripped of his

liberty, maliciously prosecuted without probable cause, and subjected to the exact same extreme emotional harm, mental anguish, embarrassment, humiliation, and degradation.

**87.** The actions of Jacinta Mary Lincke and all of the aforementioned remaining Defendants in forming, joining, and executing this conspiracy were willful, malicious, reckless, and callously indifferent to Arogant Hollywood's federally protected civil rights, entitling him to both compensatory and punitive damages.

**THIRD FEDERAL CLAIM FOR RELIEF**

**Violation of 42 U.S.C. § 1983 Under Color of Law – FOURTH AMENDMENT (Unreasonable Seizure, False Imprisonment, and Manufactured Probable Cause) (Against Defendants Timothy Kim, Craig Phillips, Shannon Robledo, Chief Brian Solinsky, Brian Mark Rosenberg, Jin Kyoung Lee, City of South Pasadena, County of Los Angeles, and DOES 1-10)**

**88.** Plaintiff Arogant Hollywood hereby restates, reincorporates, and realleges paragraphs 1 through 87 of this original constitutional civil rights complaint herein.

**89.** At all relevant times stated and alleged throughout this original civil rights complaint, Defendants Timothy Kim, Craig Phillips, Shannon Robledo, Chief Brian Solinsky, Brian Mark Rosenberg, Jin Kyoung Lee, and DOES 1-10 all acted under color of law. These Defendants acted pursuant to the unconstitutional policies, practices, procedures, and traditions of the municipal corporations of the City of South Pasadena and the County of Los Angeles, while fully bathed, clothed, covered, and draped under the color of law, to recklessly violate Arogant Hollywood's Fourth Amendment and Fourteenth Amendment constitutional civil rights.

**90.** The Fourth Amendment of the United States Constitution strictly prohibits unreasonable searches and seizures and requires that no warrants shall issue, but upon probable cause, supported by Oath or affirmation. Pursuant to the binding United States

Supreme Court precedent established in *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), a jurisdiction that provides judicial determinations of probable cause within 48 hours of a warrantless arrest will, as a general matter, comply with the promptness requirement of the Fourth Amendment.

**91.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendants Timothy Kim, Craig Phillips, Shannon Robledo, Chief Brian Solinsky, and DOES 1-10 willfully, knowingly, carelessly, recklessly, wantonly, maliciously, and callously manufactured, fabricated, and forged a Superior Court of California **Certificate of Probable Cause Determination**. Specifically, Timothy Kim fraudulently signed a judicial officer's name to manufacture legal authority where absolutely none existed, resulting in Arogant Hollywood being illegally detained far beyond the 48-hour mandate of *County of Riverside v. McLaughlin*, violating his Fourth Amendment rights. No Superior Court of California criminal courthouse has any physical or electronic court records of the manufactured PCD.

**92.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendants Brian Mark Rosenberg, Jin Kyoung Lee, and DOES 1-10 willfully, knowingly, carelessly, recklessly, wantonly, maliciously, and callously tricking, fooling, manipulating, deceiving, and fabricating lies to Superior Court of California County of Los Angeles, Alhambra Superior Court judicial officers Jared Moses, Adam Y. Chang and Michael Villalobos that these attorneys possessed a valid judicial probable cause to keep Arogant Hollywood in custody beyond 48 hours (until October 15, 2022 at 11 PM). Defendants Rosenberg and Lee recklessly presented Kim’s phony, unsigned, and un-stamped probable cause declaration to the criminal courthouse during multiple separate occassions, fraudulently claiming that law enforcement had complied with their *County of Riverside v. McLaughlin* 48-hour obligations.

**93.** Which was reckless under color of law FRAUD done by Defendants Brian Mark Rosenberg, Jin Kyoung Lee, and DOES 1-10 by them using, executing, directing, employing, and otherwise engaging in illusory and manipulated illegal acts of deceit, concealment, and corruption to gain an unfair, unjust, unlawful, and unconstitutional advantage over Arogant Hollywood, entirely depriving him of his Fourth Amendment right to be free from unreasonable seizure and his Fourteenth Amendment right to Due Process of Law.

**94.** As a direct, foreseeable, and proximate result of the negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid by Defendants Timothy Kim, Craig Phillips, Shannon Robledo, Chief Brian Solinsky, Brian Mark Rosenberg, Jin Kyoung Lee, and DOES 1-10, Plaintiff Arogant Hollywood sustained extreme injuries and damages. These damages include, without limitation, the absolute deprivation of liberty and freedom for 95 consecutive days, starvation and physical injury resulting from unconstitutional jail conditions, embarrassment, humiliation, anxiety, depression, a complete disruption of life, physical pain and suffering, emotional pain and suffering, insomnia, inconvenience, frustration, and severe mental anguish.

**95.** Defendants Timothy Kim, Craig Phillips, Shannon Robledo, Chief Brian Solinsky, Brian Mark Rosenberg, Jin Kyoung Lee, and DOES 1-10 are liable to Plaintiff Arogant Hollywood for actual and compensatory damages. Furthermore, as alleged herein, these Defendants were guilty of oppression, fraud, and criminal indifference to civil obligations, entitling Plaintiff Arogant Hollywood to recover exemplary and punitive damages to make an example of and to punish these Defendants in an amount according to proof.

**FOURTH FEDERAL CLAIM FOR RELIEF**

**Violation of 42 U.S.C. § 1983 Under Color of Law – FOURTEENTH AMENDMENT DUE PROCESS VIOLATIONS (Unconstitutional Conditions of Confinement and Jail Mistreatment) (Against Defendants Alejandro Villanueva, County of Los Angeles Sheriff's Department, Deputy Sanchez, and DOES 1-10)**

**96.** Plaintiff Arogant Hollywood hereby restates, reincorporates, and realleges paragraphs 1 through 95 of this original constitutional civil rights complaint herein.

**97.** At all relevant times stated throughout this original constitutional civil rights complaint, Defendants Jonathan David Primuth, Jacinta Mary Lincke, Timothy Kim, Craig Phillips, Catalina Valdez, Patrick Zamora, Matthew Ronnie, Isaac Gutierrez, Shannon Robledo, Chief Brian Solinsky, Brian Mark Rosenberg, Jin Kyoung Lee, City of South Pasadena, County of Los Angeles, and DOES 1-10 all acted under color of law (with private citizens Primuth and Lincke acting under color of law via conspiracy) to recklessly violate Arogant Hollywood's United States Fourth Amendment right against unreasonable seizures and Fourteenth Amendment Due Process Clause constitutional rights, and then actually knowingly, carelessly, recklessly, wantonly, maliciously, willfully, and callously violating Arogant Hollywood's Fourth and Fourteenth Amendment constitutional rights under color of law pursuant to 42 U.S.C. § 1983.

**98.** At all times stated herein and throughout this original constitutional civil rights complaint, the aforementioned Defendants recklessly violated the United States Constitution and Arogant Hollywood's constitutional civil rights while they were gainfully employed and were acting under unconstitutional policies, practices, procedures, and traditions by local California municipal corporations City of South Pasadena and County of Los Angeles while they were all bathed, clothed, covered, and draped under and in the color of law.

**99.** Pursuant to Defendants Jin Kyoung Lee, Brian Mark Rosenberg, and DOES 1-10's willful, knowing, careless, reckless, wanton, malicious, and callous violations of California Business and Professions Code § 6068, State Rules of Professional Conduct Rules 3.1, 3.2, and 3.8, County of Los Angeles District Attorney's Office Legal Policies and Procedures, and American Bar Association Model Rules of Professional Conduct, as alleged throughout this original civil rights complaint, they are not entitled to any shape, form, or type of judicial, electoral, or prosecutorial immunity.

**100.** The United States Constitution Amendment XIV, Section 1 provides: All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States, nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny any person within jurisdiction the equal protection of the laws.

**101.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendants Jacinta Mary Lincke, Patrick Zamora, Craig Phillips, Timothy Kim, Matthew Ronnie, and DOES 1-10 willfully, knowingly, carelessly, recklessly, wantonly, maliciously, and callously effectuating multiple false arrests of Arogant Hollywood (including but not limited to September 3, 2021, December 31, 2021, May 2022, and September 12, 2022) based on an invalid and erroneously issued criminal protective order, entirely devoid of probable cause, violated the United States Constitution and violated Arogant Hollywood's Fourth Amendment and Fourteenth Amendment Due Process Clause constitutional civil rights. (Count 1).

**102.** Which was reckless under color of law False Arrest and Due Process Clause violation (Count 1) done by Defendants Jacinta Mary Lincke, Patrick Zamora, Craig Phillips, Timothy Kim, Matthew Ronnie, and DOES 1-10 by them using, by them doing,

by them executing, by them directing, by them employing, by them manipulating, and otherwise engaging in illusory and manipulated illegal acts of deceit, deception, fraud, conspiracies, concealment, and corruption to gain an unfair, unjust, unlawful, illegal, and unconstitutional advantage over Arogant Hollywood.

**103.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendants Jonathan David Primuth, Timothy Kim, Craig Phillips, Isaac Gutierrez, Chief Brian Solinsky, and DOES 1-10 willfully, knowingly, carelessly, recklessly, wantonly, maliciously, and callously effectuating the October 13, 2022, false arrest based on fabricated stalking allegations, despite explicit knowledge that the statutory requirement of "repeatedly" following was impossible and no probable cause existed, violated the United States Constitution and violated Arogant Hollywood’s Fourth Amendment and Fourteenth Amendment Due Process Clause constitutional civil rights. (Count 2).

**104.** Which was reckless under color of law False Arrest and Due Process Clause violation (Count 2) done by Defendants Jonathan David Primuth, Timothy Kim, Craig Phillips, Isaac Gutierrez, Chief Brian Solinsky, and DOES 1-10 by them using, by them doing, by them executing, by them directing, by them employing, by them manipulating, and otherwise engaging in illusory and manipulated illegal acts of deceit, deception, fraud, conspiracies, concealment, and corruption to gain an unfair, unjust, unlawful, illegal, and unconstitutional advantage over Arogant Hollywood.

**105.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendants Catalina Valdez, Jin Kyoung Lee, Brian Mark Rosenberg, County of Los Angeles, and DOES 1-10 willfully, knowingly, carelessly, recklessly, wantonly, maliciously, and callously continuing the false imprisonment, maliciously prosecuting without probable cause, and withholding exculpatory evidence to illegally extend Arogant Hollywood's loss of liberty for 95 consecutive days, violated the United

States Constitution and violated Arogant Hollywood's Fourth Amendment and Fourteenth Amendment Due Process Clause constitutional civil rights. (Count 3).

**106.** Which was reckless under color of law False Arrest and Due Process Clause violation (Count 3) done by Defendants Catalina Valdez, Jin Kyoung Lee, Brian Mark Rosenberg, County of Los Angeles, and DOES 1-10 by them using, by them doing, by them executing, by them directing, by them employing, by them manipulating, and otherwise engaging in illusory and manipulated illegal acts of deceit, deception, fraud, conspiracies, concealment, and corruption to gain an unfair, unjust, unlawful, illegal, and unconstitutional advantage over Arogant Hollywood.

**107.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of the aforementioned Defendants alleged throughout this civil rights complaint were all recklessly under color of law illegal acts and violations of the United States Constitution done by Defendants using their under color of law enforcement policy and acting pursuant to illegal and unconstitutional customs, policies, practices, procedures, and traditions of the regularly sued in federal district court City of South Pasadena and County of Los Angeles.

**108.** As a further direct, foreseeable, and proximate result of said wrongful reckless, wanton, malicious, willful, and callous acts by Defendants, Plaintiff Arogant Hollywood has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

**109.** As alleged herein, the Defendants were guilty of oppression and fraud, and Plaintiff Arogant Hollywood should recover, in addition to actual damages, exemplary and punitive damages to make an example of and to punish Defendants in an amount according to proof.

**110.** As a direct and proximate result of the negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid by Defendants, Plaintiff Arogant Hollywood sustained injuries and damages, including, without limitation, embarrassment, humiliation, anxiety, depression, a complete disruption of life, physical pain and suffering, emotional pain and suffering, deprivation of liberty and freedom for multiple false arrests and a continuous 95-day period, starvation, insomnia, inconvenience, frustration, and extreme mental anguish.

**111.** Defendants Jonathan David Primuth, Jacinta Mary Lincke, Timothy Kim, Craig Phillips, Catalina Valdez, Patrick Zamora, Matthew Ronnie, Isaac Gutierrez, Shannon Robledo, Chief Brian Solinsky, Brian Mark Rosenberg, Jin Kyoung Lee, City of South Pasadena, County of Los Angeles, and DOES 1-10 are liable to Plaintiff Arogant Hollywood for actual and punitive damages given their negligence, recklessness, gross negligence, criminal indifference to civil obligations, and wantonness.

**112.** **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against the aforementioned Defendants on the fourth federal claim for relief of Plaintiff Arogant Hollywood's original civil rights complaint in the amount that will justly compensate Plaintiff for his compensatory, general, and special damages, together with costs and attorney's fees in this action.

**FIFTH FEDERAL CLAIM FOR RELIEF Willful, Reckless, Wanton, Malicious, Careless, and Callous Violation of 42 U.S.C. § 1983 Under Color of Law – FOURTEENTH AMENDMENT DUE PROCESS VIOLATIONS (Unconstitutional Conditions of Confinement and Jail Mistreatment) (Against Defendants Alejandro Villanueva, County of Los Angeles Sheriff's Department, Deputy Sanchez, and DOES 1-10)**

**113.** Plaintiff Arogant Hollywood hereby restates, reincorporates, and realleges paragraphs 1 through 112 of this original constitutional civil rights complaint herein.

**114.** At all relevant times stated throughout this original constitutional civil rights complaint, Defendants Alejandro Villanueva, County of Los Angeles Sheriff's Department, Deputy Sanchez, and DOES 1-10 all acted under color of law to recklessly violate Arogant Hollywood’s United States Fourteenth Amendment Due Process Clause constitutional rights as a pretrial detainee, and then actually knowingly, carelessly, recklessly, wantonly, maliciously, willfully, and callously violating Arogant Hollywood’s Fourteenth Amendment constitutional rights under color of law pursuant to 42 U.S.C. § 1983.

**115.** At all times stated herein and throughout this original constitutional civil rights complaint, the aforementioned Defendants recklessly violated the United States Constitution and Arogant Hollywood’s constitutional civil rights while they were gainfully employed and were acting under unconstitutional policies, practices, procedures, and traditions by local California municipal corporation County of Los Angeles while they were all bathed, clothed, covered, and draped under and in the color of law.

**115.1** At all times relevant to this Complaint, Plaintiff Arogant Hollywood was a pretrial detainee. Under the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution, pretrial detainees have a clearly established, absolute right to be free from conditions of confinement that amount to punishment, which includes the right to adequate food, water, shelter, sanitation, medical care, and personal safety. Defendants, acting under color of state law, subjected Plaintiff to objectively unreasonable, punitive, and life-threatening conditions, demonstrating deliberate indifference to his fundamental human needs and statutory rights.

**116.** The United States Constitution Amendment XIV, Section 1 provides: All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or

enforce any law which shall abridge the privileges and immunities of citizens of the United States, nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny any person within jurisdiction the equal protection of the laws.

**117.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendants Deputy Sanchez and DOES 1-10 willfully, knowingly, carelessly, recklessly, wantonly, maliciously, and callously turning off the water to Arogant Hollywood's cell, denying him all meals and water for nearly three days between October 20, 2022 and October 23, 2022, and deliberately ignoring his "Man Down" cries for medical help while he was bleeding profusely from his chin after collapsing from starvation and dehydration, violated the United States Constitution and violated Arogant Hollywood's Fourteenth Amendment Due Process Clause constitutional civil rights. (Count 1).

**118.** Which was reckless under color of law Due Process Clause violation (Count 1) done by Defendants Deputy Sanchez and DOES 1-10 by them using, by them doing, by them executing, by them directing, by them employing, by them manipulating, and otherwise engaging in illusory and manipulated illegal acts of deceit, deception, fraud, conspiracies, concealment, and corruption to gain an unfair, unjust, unlawful, illegal, and unconstitutional advantage over Arogant Hollywood.

**119.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendants Alejandro Villanueva, County of Los Angeles Sheriff's Department, and DOES 1-10 willfully, knowingly, carelessly, recklessly, wantonly, maliciously, and callously violating Title 15 minimum diet standards by serving cold meals for 95 days, leaving meals unattended for four hours making them unsanitary, and grossly negligently allowing inmate workers to tamper with a physician-ordered special diet—specifically replacing soy milk with cow milk and eggs with peanut butter, to

which Arogant Hollywood is highly allergic—violated the United States Constitution and violated Arogant Hollywood's Fourteenth Amendment Due Process Clause constitutional civil rights. (Count 2).

**120.** Which was reckless under color of law Due Process Clause violation (Count 2) done by Defendants Alejandro Villanueva, County of Los Angeles Sheriff's Department, and DOES 1-10 by them using, by them doing, by them executing, by them directing, by them employing, by them manipulating, and otherwise engaging in illusory and manipulated illegal acts of deceit, deception, fraud, conspiracies, concealment, and corruption to gain an unfair, unjust, unlawful, illegal, and unconstitutional advantage over Arogant Hollywood.

**121.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendants Alejandro Villanueva, County of Los Angeles Sheriff's Department, and DOES 1-10 willfully, knowingly, carelessly, recklessly, wantonly, maliciously, and callously creating a state-created danger by placing Arogant Hollywood in Men's Central 5000 floor housing amidst constant knife fights, forcing him into Mental Health Housing without cell lights, and conducting an illegal, unconstitutional disciplinary hearing operated by a Sergeant rather than a Lieutenant in direct violation of Title 15, violated the United States Constitution and violated Arogant Hollywood's Fourteenth Amendment Due Process Clause constitutional civil rights. (Count 3).

**122.** Which was reckless under color of law Due Process Clause violation (Count 3) done by Defendants Alejandro Villanueva, County of Los Angeles Sheriff's Department, and DOES 1-10 by them using, by them doing, by them executing, by them directing, by them employing, by them manipulating, and otherwise engaging in illusory and manipulated illegal acts of deceit, deception, fraud, conspiracies, concealment, and corruption to gain an unfair, unjust, unlawful, illegal, and unconstitutional advantage over Arogant Hollywood.

**123.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendants DOES 1-10 (specifically including the Latino/Anglo jail deputy) willfully, knowingly, carelessly, recklessly, wantonly, maliciously, and callously mocking Arogant Hollywood during a five-day food strike, refusing to provide emergency medical care, and deliberately stating, "Good, I hope you die! I don't give a shit if you die in that cell!" violated the United States Constitution and violated Arogant Hollywood's Fourteenth Amendment Due Process Clause constitutional civil rights. (Count 4).

**124.** Which was reckless under color of law Due Process Clause violation (Count 4) done by Defendants DOES 1-10 by them using, by them doing, by them executing, by them directing, by them employing, by them manipulating, and otherwise engaging in illusory and manipulated illegal acts of deceit, deception, fraud, conspiracies, concealment, and corruption to gain an unfair, unjust, unlawful, illegal, and unconstitutional advantage over Arogant Hollywood.

**125.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendants Alejandro Villanueva, County of Los Angeles Sheriff's Department, and DOES 1-10 willfully, knowingly, carelessly, recklessly, wantonly, maliciously, and callously ignoring, refusing to process, and deliberately not answering Arogant Hollywood's legally submitted jail grievances regarding his unconstitutional conditions of confinement, violated the United States Constitution and violated Arogant Hollywood's Fourteenth Amendment Due Process Clause constitutional civil rights. (Count 5).

**126.** Which was reckless under color of law Due Process Clause violation (Count 5) done by Defendants Alejandro Villanueva, County of Los Angeles Sheriff's Department, and DOES 1-10 by them using, by them doing, by them executing, by them directing, by them employing, by them manipulating, and otherwise engaging in illusory and

manipulated illegal acts of deceit, deception, fraud, conspiracies, concealment, and corruption to gain an unfair, unjust, unlawful, illegal, and unconstitutional advantage over Arogant Hollywood.

**127.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendants Alejandro Villanueva, County of Los Angeles Sheriff's Department, Deputy Sanchez, and DOES 1-10 alleged throughout this civil rights complaint were all recklessly under color of law illegal acts and violations of the United States Constitution done by Defendants using their under color of law enforcement policy and acting pursuant to illegal and unconstitutional customs, policies, practices, procedures, and traditions of the regularly sued in federal district court County of Los Angeles.

**128.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendants Alejandro Villanueva, County of Los Angeles Sheriff's Department, and DOES 1-10 willfully, knowingly, carelessly, recklessly, wantonly, maliciously, and callously violating California Code of Regulations, Title 15 minimum standards for local detention facilities—specifically **Section 1240, titled "Frequency of Serving,"** and **Section 3050, titled "Regular Meals"**—by serving Arogant Hollywood only one hot meal a day for 95 consecutive days, completely denying him the two hot meals a day required by law, violated the United States Constitution and violated Arogant Hollywood's Fourteenth Amendment Due Process Clause constitutional civil rights. (Count 6)

**129.** Which was reckless under color of law Due Process Clause violation (Count 6) done by Defendants Alejandro Villanueva, County of Los Angeles Sheriff's Department, and DOES 1-10 by them using, by them doing, by them executing, by them directing, by them employing, by them manipulating, and otherwise engaging in illusory and manipulated illegal acts of deceit, deception, fraud, conspiracies, concealment, and

corruption to gain an unfair, unjust, unlawful, illegal, and unconstitutional advantage over Arogant Hollywood.

**130.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendants Alejandro Villanueva, County of Los Angeles Sheriff's Department, Deputy Sanchez, and DOES 1-10 alleged throughout this civil rights complaint were all recklessly under color of law illegal acts and violations of the United States Constitution done by Defendants using their under color of law enforcement policy and acting pursuant to illegal and unconstitutional customs, policies, practices, procedures, and traditions of the regularly sued in federal district court County of Los Angeles.

**130.1** Between October 16, 2022, and October 20, 2022, Arogant Hollywood was placed on a bogus suicide watch directed by an incompetent jail doctor. While on this bogus suicide watch, Arogant Hollywood was completely unable to prepare for court, was provided absolutely no access to the telephone, and was refused a mattress. During this time, jail deputies, including Deputy Sanchez and others, maliciously shut his water off. In direct violation of LASD PARS (CDM 5-13/020.00 & 5-12/003.00), cruel LASD deputies completely denied Arogant Hollywood any access to a telephone from October 13, 2022, to on or about November 4, 2022.

**130.2** Additionally, from October 13, 2022, until approximately November 4, 2022, LASD deputies willfully, recklessly, maliciously, knowingly, deliberately, cruelly, carelessly, and maliciously refused to allow Arogant Hollywood to take a shower at all. This complete denial of basic sanitation was in direct violation of California Code of Regulations Title 15 and LASD PARS (CDM 5-13/040.00).

**130.3** Numerous times and on numerous occasions between October 13, 2022, and November 4, 2022, Arogant Hollywood requested that LASD peace officer jail deputies either give him a grievance form or assist with completing one. The jail deputies all

completely refused to do so, unlawfully obstructing his right to seek administrative redress.

**130.4** Between November 4, 2022, and January 2, 2023, Arogant Hollywood turned in over fifty (50) LASD grievance forms, including emergency medical grievances. Not one single grievance form was responded to so that Plaintiff could appeal the original decision. These omissions and deliberate cover-ups by LASD sergeants were in direct violation of the federal consent decree in *Rosas v. Jim McDonnell* (2:12-cv-0428 (C.D. CA)) and LASD PARS (CDM 8-03/005.00 & 8-03/010.00).

**131.** As a further direct, foreseeable, and proximate result of said wrongful reckless, wanton, malicious, willful, and callous acts by Defendants, Plaintiff Arogant Hollywood has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

**132.** As alleged herein, the Defendants were guilty of oppression and fraud, and Plaintiff Arogant Hollywood should recover, in addition to actual damages, exemplary and punitive damages to make an example of and to punish Defendants in an amount according to proof.

**133.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendants Alejandro Villanueva, County of Los Angeles Sheriff's Department, Deputy Sanchez, and DOES 1-10 alleged throughout this civil rights complaint were all recklessly under color of law illegal acts and violations of the United States Constitution done by Defendants using their under color of law enforcement policy and acting pursuant to illegal and unconstitutional customs, policies, practices, procedures, and traditions of the regularly sued in federal district court County of Los Angeles.

**134.** As a further direct, foreseeable, and proximate result of said wrongful reckless, wanton, malicious, willful, and callous acts by Defendants, Plaintiff Arogant Hollywood has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

**135.** As alleged herein, the Defendants were guilty of oppression and fraud, and Plaintiff Arogant Hollywood should recover, in addition to actual damages, exemplary and punitive damages to make an example of and to punish Defendants in an amount according to proof.

**136.** As a direct and proximate result of the negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid by Defendants, Plaintiff Arogant Hollywood sustained injuries and damages, including, without limitation, physical deterioration, starvation, bleeding and physical scarring from collapsing, allergic reactions, embarrassment, humiliation, anxiety, depression, a complete disruption of life, physical pain and suffering, emotional pain and suffering, deprivation of liberty and freedom, insomnia, inconvenience, frustration, and extreme mental anguish.

**136.1** Defendants Alejandro Villanueva, County of Los Angeles Sheriff's Department, Deputy Sanchez, and DOES 1-10 are liable to Plaintiff Arogant Hollywood for actual and punitive damages given their negligence, recklessness, gross negligence, criminal indifference to civil obligations, and wantonness.

**137.** **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Alejandro Villanueva, County of Los Angeles Sheriff's Department, Deputy Sanchez, and DOES 1-10 on the fifth federal claim for relief of Plaintiff Arogant Hollywood's original civil rights complaint in the amount that will justly compensate Plaintiff for his compensatory, general, and special damages, together with costs and attorney's fees in this action.

## SIXTH FEDERAL CLAIM FOR RELIEF

**Violation of 42 U.S.C. § 1983 Under Color of Law – FOURTH AMENDMENT SEARCH AND SEIZURE CLAUSE CONSTITUTIONAL VIOLATIONS (Against Defendants Evelyn Gadia Zneimer, Jonathan David Primuth, Chief Brian Solinsky, Sergeant Craig Phillips, Sergeant Matthew Ronnie, Officer Timothy Kim, Officer Isaac Gutierrez, Detective Catalina Valdez, Officer Patrick Zamora, City of South Pasadena, and DOES 1-10)**

**138.** Plaintiff Arogant Hollywood hereby restates, reincorporates, and realleges paragraphs 1 through 137 of this original constitutional civil rights complaint herein.

**139.** At all relevant times stated throughout this original constitutional civil rights complaint, Defendants Evelyn Gadia Zneimer, Jonathan David Primuth, Chief Brian Solinsky, Sergeant Craig Phillips, Sergeant Matthew Ronnie, Officer Timothy Kim, Officer Isaac Gutierrez, Detective Catalina Valdez, Officer Patrick Zamora, City of South Pasadena, and DOES 1-10 all acted under color of law (with private citizens Zneimer and Primuth acting under color of law via conspiracy) to recklessly violate Arogant Hollywood's United States Fourth Amendment Search and Seizure Clause constitutional rights, and then actually knowingly, carelessly, recklessly, wantonly, maliciously, willfully, and callously violating Arogant Hollywood's Fourth Amendment Search and Seizure Clause constitutional rights under color of law pursuant to 42 U.S.C. § 1983.

**140.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendants Evelyn Gadia Zneimer, Jonathan David Primuth, Timothy Kim, Craig Phillips, Matthew Ronnie, Isaac Gutierrez, Catalina Valdez, Patrick Zamora, Chief Brian Solinsky, and DOES 1-10 willfully, knowingly, carelessly, recklessly, wantonly, maliciously, and callously fabricating police reports and effectuating multiple unlawful seizures of Arogant Hollywood's physical person (false arrests)—specifically including the retaliatory October 13, 2022 seizure initiated by Primuth and Zneimer's

false reports—entirely without probable cause or a valid warrant, violated the United States Constitution and violated Arogant Hollywood's United States Fourth Amendment Search and Seizure Clause constitutional civil rights. (Count 1).

**141.** Which was reckless under color of law Search and Seizure Clause violation (Count 1) done by Defendants Evelyn Gadia Zneimer, Jonathan David Primuth, Timothy Kim, Craig Phillips, Matthew Ronnie, Isaac Gutierrez, Catalina Valdez, Patrick Zamora, Chief Brian Solinsky, and DOES 1-10 by them using, by them doing, by them executing, by them directing, by them employing, by them manipulating, and otherwise engaging in illusory and manipulated illegal acts of deceit, deception, fraud, conspiracies, concealment, and corruption to gain an unfair, unjust, unlawful, illegal, and unconstitutional advantage over Arogant Hollywood.

**142.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendants Jonathan David Primuth, Timothy Kim, Craig Phillips, Chief Brian Solinsky, City of South Pasadena, and DOES 1-10 willfully, knowingly, carelessly, recklessly, wantonly, maliciously, and callously effectuating the false arrest of Arogant Hollywood for an alleged violation of California Penal Code § 646.9 (Stalking) for purportedly "repeatedly" following Jonathan David Primuth for several blocks on a single occasion, entirely without probable cause, violated the United States Constitution and violated Arogant Hollywood's Fourth Amendment Search and Seizure Clause constitutional civil rights. At the time of this false arrest, all Defendants, including Primuth, knew unequivocally that Arogant Hollywood had never met or engaged with Primuth in the past, meaning there was absolutely no legally required "course of conduct." Furthermore, Defendant Primuth, being an attorney specializing in course-of-conduct restraining orders, knew with absolute certainty that he was signing a private person's arrest form without probable cause because he knew that prior to October 13, 2022, Arogant Hollywood had never contacted him personally in person, by email, mail, telephone, or any electronic communication means. (Count 2).

**143.** Which was reckless under color of law Search and Seizure Clause violation (Count 2) done by Defendants Jonathan David Primuth, Timothy Kim, Craig Phillips, Chief Brian Solinsky, City of South Pasadena, and DOES 1-10 by them using, by them doing, by them executing, by them directing, by them employing, by them manipulating, and otherwise engaging in illusory and manipulated illegal acts of deceit, deception, fraud, conspiracies, concealment, and corruption to gain an unfair, unjust, unlawful, illegal, and unconstitutional advantage over Arogant Hollywood.

**144.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendants Jacinta Mary Lincke, Craig Phillips, Timothy Kim, and DOES 1-10 willfully, knowingly, carelessly, recklessly, wantonly, maliciously, and callously effectuating the September 3, 2021, false arrest of Arogant Hollywood entirely without probable cause, violated the United States Constitution and violated Arogant Hollywood's Fourth Amendment Search and Seizure Clause constitutional civil rights. Defendant Lincke, acting with racial animus, maliciously signed a private person's arrest form to have Arogant Hollywood arrested for allegedly violating an invalid criminal protective order that should never have existed, strictly because Arogant Hollywood lawfully had his fiancée, Alison Helen Fairchild, contact Lincke to provide her with ex-parte notice. (Count 3),

**145.** Which was reckless under color of law Search and Seizure Clause violation (Count 3) done by Defendants Jacinta Mary Lincke, Craig Phillips, Timothy Kim, and DOES 1-10 by them using, by them doing, by them executing, by them directing, by them employing, by them manipulating, and otherwise engaging in illusory and manipulated illegal acts of deceit, deception, fraud, conspiracies, concealment, and corruption to gain an unfair, unjust, unlawful, illegal, and unconstitutional advantage over Arogant Hollywood.

**146.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendants Jacinta Mary Lincke, Patrick Zamora, and DOES 1-10 willfully, knowingly, carelessly, recklessly, wantonly, maliciously, and callously effectuating the December 31, 2021, false arrest of Arogant Hollywood in front of the South Pasadena Public Library entirely without probable cause, violated the United States Constitution and violated Arogant Hollywood's Fourth Amendment Search and Seizure Clause constitutional civil rights. Defendant Lincke again maliciously weaponized the bogus protective order to unlawfully seize Arogant Hollywood simply because he was purportedly standing within 100 yards of her residence. (Count 4).

**147.** Which was reckless under color of law Search and Seizure Clause violation (Count 4) done by Defendants Jacinta Mary Lincke, Patrick Zamora, and DOES 1-10 by them using, by them doing, by them executing, by them directing, by them employing, by them manipulating, and otherwise engaging in illusory and manipulated illegal acts of deceit, deception, fraud, conspiracies, concealment, and corruption to gain an unfair, unjust, unlawful, illegal, and unconstitutional advantage over Arogant Hollywood.

**148.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendants Jacinta Mary Lincke, Sergeant Matthew Ronnie, Timothy Kim, and DOES 1-10 willfully, knowingly, carelessly, recklessly, wantonly, maliciously, and callously effectuating the May 2022 and September 12, 2022, retaliatory false arrests of Arogant Hollywood at the South Pasadena Public Library entirely without probable cause, violated the United States Constitution and violated Arogant Hollywood's Fourth Amendment Search and Seizure Clause constitutional civil rights. Defendant Lincke explicitly contacted law enforcement with fabricated allegations, signing false arrest forms despite knowing Arogant Hollywood was simply sleeping in the area and that the protective order was legally bankrupt. (Count 5)

**149.** Which was reckless under color of law Search and Seizure Clause violation (Count 5) done by Defendants Jacinta Mary Lincke, Sergeant Matthew Ronnie, Timothy Kim, and DOES 1-10 by them using, by them doing, by them executing, by them directing, by them employing, by them manipulating, and otherwise engaging in illusory and manipulated illegal acts of deceit, deception, fraud, conspiracies, concealment, and corruption to gain an unfair, unjust, unlawful, illegal, and unconstitutional advantage over Arogant Hollywood.

**150.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of the aforementioned Defendants alleged throughout this civil rights complaint were all recklessly under color of law illegal acts and violations of the United States Constitution done by Defendants using their under color of law enforcement policy and acting pursuant to illegal and unconstitutional customs, policies, practices, procedures, and traditions of the regularly sued in federal district court City of South Pasadena.

**151.** As a further direct, foreseeable, and proximate result of said wrongful reckless, wanton, malicious, willful, and callous acts by Defendants, Plaintiff Arogant Hollywood has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

**152.** As alleged herein, the Defendants were guilty of oppression and fraud, and Plaintiff Arogant Hollywood should recover, in addition to actual damages, exemplary and punitive damages to make an example of and to punish Defendants in an amount according to proof.

**153.** As a direct and proximate result of the negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid by Defendants, Plaintiff Arogant Hollywood sustained injuries and damages, including, without limitation, embarrassment, humiliation, anxiety, depression, a complete disruption of life, physical pain and

suffering, emotional pain and suffering, deprivation of liberty and freedom, insomnia, inconvenience, frustration, and extreme mental anguish.

**154.** Defendants Evelyn Gadia Zneimer, Jonathan David Primuth, Jacinta Mary Lincke, Chief Brian Solinsky, Sergeant Craig Phillips, Sergeant Matthew Ronnie, Officer Timothy Kim, Officer Isaac Gutierrez, Officer Patrick Zamora, City of South Pasadena, and DOES 1-10 are liable to Plaintiff Arogant Hollywood for actual and punitive damages given their negligence, recklessness, gross negligence, criminal indifference to civil obligations, and wantonness.

**155.** **WHEREFORE,** Plaintiff Arogant Hollywood demands judgment against the aforementioned Defendants on the sixth federal claim for relief of Plaintiff Arogant Hollywood's original civil rights complaint in the amount that will justly compensate Plaintiff for his compensatory, general, and special damages, together with costs and attorney's fees in this action.

**SEVENTH FEDERAL CLAIM FOR RELIEF**

**Violation of 42 U.S.C. § 1983 Under Color of Law – MALICIOUS PROSECUTION (Fourth and Fourteenth Amendments) (Against Defendants Jacinta Mary Lincke, Chief Brian Solinsky, Sergeant Craig Phillips, Sergeant Matthew Ronnie, Officer Timothy Kim, Detective Catalina Valdez, Officer Patrick Zamora, Lieutenant Shannon Robledo, City of South Pasadena, and DOES 1-10)**

**156.** Plaintiff Arogant Hollywood hereby restates, reincorporates, and realleges paragraphs 1 through 155 of this original constitutional civil rights complaint herein.

**157.** At all relevant times stated throughout this original constitutional civil rights complaint, the aforementioned Defendants all acted under color of law (with private citizen Jacinta Mary Lincke acting under color of law via conspiracy) to recklessly violate Arogant Hollywood's Fourth Amendment and Fourteenth Amendment

constitutional rights, and then actually knowingly, carelessly, recklessly, wantonly, maliciously, willfully, fraudulently, and callously violating Arogant Hollywood's constitutional rights to be free from malicious prosecution under color of law pursuant to 42 U.S.C. § 1983.

**158.** Pursuant to the United States Supreme Court's binding precedent in *Thompson v. Clark*, 596 U.S. 36 (2022), a plaintiff asserting a Fourth Amendment malicious prosecution claim under 42 U.S.C. § 1983 need only show that his prosecution ended without a conviction to establish a favorable termination. Arogant Hollywood's criminal proceedings in the fabricated Jonathan David Primuth matter definitively ended without a conviction when the Honorable Michael Villalobos dismissed all charges by ruling Defendants had zero probable cause on January 3, 2023, and Presiding Judicial Officer Jared Moses denied the prosecution's motion to reinstate on February 10, 2023 again stating that there was no probable cause for any of the three bogus charges.

**159.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendants Timothy Kim, Craig Phillips, Catalina Valdez, Shannon Robledo, Chief Brian Solinsky, and DOES 1-10 willfully, knowingly, carelessly, recklessly, wantonly, maliciously, and callously initiating and continuing the malicious prosecution of Arogant Hollywood for the fabricated Primuth felony charges, entirely without probable cause, violated the United States Constitution and violated Arogant Hollywood's Fourth Amendment and Fourteenth Amendment constitutional civil rights. This malicious prosecution was sustained by Timothy Kim forging a probable cause declaration and Detective Catalina Valdez attempting to "soup up" an extremely weak, factually bankrupt case to maliciously extend Arogant Hollywood's 95-day incarceration. (Count 1).

**160.** Which was reckless under color of law Malicious Prosecution violation (Count 1) done by Defendants Timothy Kim, Craig Phillips, Catalina Valdez, Shannon Robledo,

Chief Brian Solinsky, and DOES 1-10 by them using, by them doing, by them executing, by them directing, by them employing, by them manipulating, and otherwise engaging in illusory and manipulated illegal acts of deceit, deception, fraud, conspiracies, concealment, and corruption to gain an unfair, unjust, unlawful, illegal, and unconstitutional advantage over Arogant Hollywood.

**161.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendants Jacinta Mary Lincke, Catalina Valdez, and DOES 1-10 willfully, knowingly, carelessly, recklessly, fraudulently, wantonly, maliciously, and callously conspiring to manufacture and inject fabricated evidence into the Jonathan David Primuth criminal proceedings, violated the United States Constitution and violated Arogant Hollywood's Fourth Amendment and Fourteenth Amendment constitutional civil rights. Specifically, Defendant Lincke conspired with law enforcement to maliciously continue the prosecution by explicitly agreeing to provide fabricated, perjurious testimony at Arogant Hollywood's trial, falsely alleging he had made a criminal threat to her on August 17, 2021, in a deliberate attempt to illegally secure a conviction. (Count 2). While Defendant Lincke knew very well herself that her bogus criminal threats charges were thrown out of criminal court on or about April 2, 2022.

**162.** Which was reckless under color of law Malicious Prosecution violation (Count 2) done by Defendants Jacinta Mary Lincke, Catalina Valdez, and DOES 1-10 by them using, by them doing, by them executing, by them directing, by them employing, by them manipulating, and otherwise engaging in illusory and manipulated illegal acts of deceit, deception, fraud, conspiracies, concealment, and corruption to gain an unfair, unjust, unlawful, illegal, and unconstitutional advantage over Arogant Hollywood.

**163.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendants Patrick Zamora, Matthew Ronnie, Craig Phillips, Timothy Kim, and DOES 1-10 willfully, knowingly, carelessly, recklessly, wantonly, maliciously,

and callously initiating and continuing the malicious prosecutions of Arogant Hollywood for the prior string of false arrests (including September 2021, December 2021, May 2022, and September 2022) based on Jacinta Mary Lincke's invalid protective orders, which all ended without a conviction in both May 2022 and September 2022 after County of Los Angeles criminal prosecutors filed the frivolous and bogus charges, violated the United States Constitution and violated Arogant Hollywood's Fourth Amendment and Fourteenth Amendment constitutional civil rights. (Count 3).

**164.** Which was reckless under color of law Malicious Prosecution violation (Count 3) done by Defendants Patrick Zamora, Matthew Ronnie, Craig Phillips, Timothy Kim, and DOES 1-10 by them using, by them doing, by them executing, by them directing, by them employing, by them manipulating, and otherwise engaging in illusory and manipulated illegal acts of deceit, deception, fraud, conspiracies, concealment, and corruption to gain an unfair, unjust, unlawful, illegal, and unconstitutional advantage over Arogant Hollywood.

**165.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of the aforementioned Defendants alleged throughout this civil rights complaint were all recklessly under color of law illegal acts and violations of the United States Constitution done by Defendants using their under color of law enforcement policy and acting pursuant to illegal and unconstitutional customs, policies, practices, procedures, and traditions of the regularly sued in federal district court City of South Pasadena.

**166.** As a further direct, foreseeable, and proximate result of said wrongful reckless, wanton, malicious, willful, and callous acts by Defendants, Plaintiff Arogant Hollywood has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

**167.** As alleged herein, the Defendants were guilty of oppression and fraud, and Plaintiff Arogant Hollywood should recover, in addition to actual damages, exemplary and punitive damages to make an example of and to punish Defendants in an amount according to proof.

**168.** As a direct and proximate result of the negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid by Defendants, Plaintiff Arogant Hollywood sustained injuries and damages, including, without limitation, embarrassment, humiliation, anxiety, depression, a complete disruption of life, physical pain and suffering, emotional pain and suffering, deprivation of liberty and freedom for 95 days, insomnia, inconvenience, frustration, and extreme mental anguish.

**169.** Defendants Jacinta Mary Lincke, Chief Brian Solinsky, Sergeant Craig Phillips, Sergeant Matthew Ronnie, Officer Timothy Kim, Detective Catalina Valdez, Officer Patrick Zamora, Lieutenant Shannon Robledo, City of South Pasadena, and DOES 1-10 are liable to Plaintiff Arogant Hollywood for actual and punitive damages given their negligence, recklessness, gross negligence, criminal indifference to civil obligations, and wantonness.

**170.** **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against the aforementioned Defendants on the seventh federal claim for relief of Plaintiff Arogant Hollywood's original civil rights complaint in the amount that will justly compensate Plaintiff for his compensatory, general, and special damages, together with costs and attorney's fees in this action.

## EIGHTH CLAIM FOR RELIEF

### Violation of State Law – NEGLIGENCE (Against Defendant Jacinta Mary Lincke and DOES 1-10)

**171.** Plaintiff Arogant Hollywood hereby restates, reincorporates, and realleges paragraphs 1 through 170 of this original civil rights complaint herein.

**172.** At all relevant times stated throughout this original civil rights complaint, Defendant Jacinta Mary Lincke owed a general duty of care to Arogant Hollywood to act as a reasonable person, which strictly includes the duty not to fabricate police reports, not to orchestrate false arrests, and not to maliciously weaponize an invalid, erroneously issued criminal protective order against him to deprive him of his liberty.

**173.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendant Jacinta Mary Lincke and DOES 1-10 willfully, knowingly, carelessly, recklessly, wantonly, maliciously, and callously breaching her duty of care by repeatedly contacting law enforcement with fabricated allegations, signing false private person's arrest forms without probable cause (including but not limited to the arrests on September 3, 2021, December 31, 2021, May 2022, and September 12, 2022), and explicitly conspiring to provide perjurious testimony at Arogant Hollywood's trial, violated state law and directly caused Arogant Hollywood severe harm. (Count 1).

**174.** Which was reckless NEGLIGENCE (Count 1) done by Defendant Jacinta Mary Lincke and DOES 1-10 by them using, by them doing, by them executing, by them directing, by them employing, by them manipulating, and otherwise engaging in illusory and manipulated illegal acts of deceit, deception, fraud, conspiracies, concealment, and corruption to gain an unfair, unjust, unlawful, illegal, and unconstitutional advantage over Arogant Hollywood.

**175.** As a further direct, foreseeable, and proximate result of said wrongful reckless, wanton, malicious, willful, and callous acts by Defendant, Plaintiff Arogant Hollywood has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

**176.** As alleged herein, Defendant Jacinta Mary Lincke was guilty of oppression and fraud, and Plaintiff Arogant Hollywood should recover, in addition to actual damages, exemplary and punitive damages to make an example of and to punish Defendant in an amount according to proof.

**177.** As a direct and proximate result of the negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid by Defendant, Plaintiff Arogant Hollywood sustained injuries and damages, including, without limitation, physical deterioration, starvation, embarrassment, humiliation, anxiety, depression, a complete disruption of life, physical pain and suffering, emotional pain and suffering, deprivation of liberty and freedom, insomnia, inconvenience, frustration, and extreme mental anguish.

**178.** Defendant Jacinta Mary Lincke and DOES 1-10 are liable to Plaintiff Arogant Hollywood for actual and punitive damages given their negligence, recklessness, gross negligence, criminal indifference to civil obligations, and wantonness.

**179. WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendant Jacinta Mary Lincke and DOES 1-10 on the ninth claim for relief of Plaintiff Arogant Hollywood's original civil rights complaint in the amount that will justly compensate Plaintiff for his compensatory, general, and special damages, together with costs and attorney's fees in this action.

**NINTH CLAIM FOR RELIEF**

**Violation of State Law – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Against Defendant Jacinta Mary Lincke and DOES 1-10)**

**180.** Plaintiff Arogant Hollywood hereby restates, reincorporates, and realleges paragraphs 1 through 179 of this original civil rights complaint herein.

**181.** At all relevant times stated throughout this original civil rights complaint, Defendant Jacinta Mary Lincke owed a duty not to engage in extreme and outrageous conduct with the intention of causing, or with reckless disregard of the probability of causing, severe emotional distress to Arogant Hollywood.

**182.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendant Jacinta Mary Lincke and DOES 1-10 willfully, knowingly, carelessly, recklessly, wantonly, maliciously, and callously engaging in extreme and outrageous conduct. Acting with racial bias and racial animus, Defendant Lincke maliciously weaponized an invalid, erroneously issued criminal protective order, repeatedly signed false private person's arrest forms to have Arogant Hollywood unlawfully kidnapped and thrown in jail (including the arrests on September 3, 2021, December 31, 2021, May 2022, and September 12, 2022), and explicitly conspired with law enforcement to provide perjurious, fabricated testimony at Arogant Hollywood's trial to ensure his continued false imprisonment. This malicious campaign of harassment went far beyond all possible bounds of decency, violated state law, and was intended to, and did, cause Arogant Hollywood severe and profound emotional distress. (Count 1).

**183.** Which was reckless INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Count 1) done by Defendant Jacinta Mary Lincke and DOES 1-10 by them using, by them doing, by them executing, by them directing, by them employing, by them manipulating, and otherwise engaging in illusory and manipulated illegal acts of deceit,

deception, fraud, conspiracies, concealment, and corruption to gain an unfair, unjust, unlawful, illegal, and unconstitutional advantage over Arogant Hollywood.

**184.** As a further direct, foreseeable, and proximate result of said wrongful reckless, wanton, malicious, willful, and callous acts by Defendant, Plaintiff Arogant Hollywood has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

**185.** As alleged herein, Defendant Jacinta Mary Lincke was guilty of oppression and fraud, and Plaintiff Arogant Hollywood should recover, in addition to actual damages, exemplary and punitive damages to make an example of and to punish Defendant in an amount according to proof.

**186.** As a direct and proximate result of the negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid by Defendant, Plaintiff Arogant Hollywood sustained injuries and damages, including, without limitation, extreme emotional distress, physical deterioration, starvation, embarrassment, humiliation, anxiety, depression, a complete disruption of life, physical pain and suffering, emotional pain and suffering, deprivation of liberty and freedom, insomnia, inconvenience, frustration, and extreme mental anguish.

**187.** Defendant Jacinta Mary Lincke and DOES 1-10 are liable to Plaintiff Arogant Hollywood for actual and punitive damages given their negligence, recklessness, gross negligence, criminal indifference to civil obligations, and wantonness.

**188.** **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendant Jacinta Mary Lincke and DOES 1-10 on the ninth claim for relief of Plaintiff Arogant Hollywood's original civil rights complaint in the amount that will justly compensate Plaintiff for his compensatory, general, and special damages, together with costs and attorney's fees in this action.

## TENTH FEDERAL CLAIM FOR RELIEF

**Violation of 42 U.S.C. § 1983 Under Color of Law – MONELL LIABILITY FOR UNCONSTITUTIONAL CUSTOMS, POLICIES, AND PRACTICES (Against Defendants City of South Pasadena, County of Los Angeles, and DOES 1-10)**

**189.** Plaintiff Arogant Hollywood hereby restates, reincorporates, and realleges paragraphs 1 through 188 of this original constitutional civil rights complaint herein.

**190.** At all relevant times stated throughout this original constitutional civil rights complaint, Defendants City of South Pasadena, County of Los Angeles, and DOES 1-10 all acted under color of law to recklessly violate Arogant Hollywood's First, Fourth, and Fourteenth Amendment constitutional rights, and then actually knowingly, carelessly, recklessly, wantonly, maliciously, willfully, and callously violating Arogant Hollywood's constitutional rights under color of law pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).

**191.** Pursuant to *Monell*, a local government entity is liable under 42 U.S.C. § 1983 when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the constitutional injury.

**192.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendants City of South Pasadena and DOES 1-10 willfully, knowingly, carelessly, recklessly, wantonly, maliciously, and callously maintaining, enforcing, and ratifying a deeply entrenched custom, policy, procedure, and tradition of unconstitutional false arrests. This includes a documented pattern from 2016 through 2022 of South Pasadena peace officers fabricating police reports, weaponizing legally invalid criminal protective orders, illegally seizing personal property, and forging probable cause declarations to systematically violate Arogant Hollywood's Fourth

Amendment rights, demonstrating a deliberate indifference to his constitutional liberties. (Count 1).

**193.** Which was reckless under color of law *Monell* Liability violation (Count 1) done by Defendants City of South Pasadena and DOES 1-10 by them using, by them doing, by them executing, by them directing, by them employing, by them manipulating, and otherwise engaging in illusory and manipulated illegal acts of deceit, deception, fraud, conspiracies, concealment, and corruption to gain an unfair, unjust, unlawful, illegal, and unconstitutional advantage over Arogant Hollywood.

**194.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of Defendants County of Los Angeles and DOES 1-10 willfully, knowingly, carelessly, recklessly, wantonly, maliciously, and callously maintaining, enforcing, and ratifying deeply entrenched customs, policies, procedures, and traditions of malicious prosecution and unconstitutional jail conditions. This includes a documented pattern by the District Attorney's Office of recklessly initiating criminal proceedings without probable cause, and a documented pattern by the Los Angeles Sheriff's Department of starving pretrial detainees, denying Title 15 mandated hot meals, allowing inmate workers to tamper with physician-ordered medical diets, and ignoring legally submitted grievances, all in direct violation of the Fourth and Fourteenth Amendments. (Count 2).

**195.** Which was reckless under color of law *Monell* Liability violation (Count 2) done by Defendants County of Los Angeles and DOES 1-10 by them using, by them doing, by them executing, by them directing, by them employing, by them manipulating, and otherwise engaging in illusory and manipulated illegal acts of deceit, deception, fraud, conspiracies, concealment, and corruption to gain an unfair, unjust, unlawful, illegal, and unconstitutional advantage over Arogant Hollywood.

**196.** The illegal acts, actions, misdeeds, wrongdoings, misconduct, misbehavior, and transgressions of the aforementioned municipal Defendants alleged throughout this civil rights complaint were all recklessly under color of law illegal acts and violations of the United States Constitution done by Defendants using their under color of law enforcement policy and acting pursuant to illegal and unconstitutional customs, policies, practices, procedures, and traditions of the regularly sued in federal district court City of South Pasadena and County of Los Angeles. The final policymakers for both municipal corporations had actual or constructive knowledge of these constitutional violations and deliberately failed to train, supervise, or discipline their personnel to prevent them.

**197.** As a further direct, foreseeable, and proximate result of said wrongful reckless, wanton, malicious, willful, and callous acts by Defendants, Plaintiff Arogant Hollywood has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

**198.** As alleged herein, the Defendants and their policymakers were guilty of oppression and fraud, and Plaintiff Arogant Hollywood should recover, in addition to actual damages, exemplary and punitive damages (where legally permitted against the individual policymakers and DOES) to make an example of and to punish Defendants in an amount according to proof.

**199.** As a direct and proximate result of the negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid by Defendants, Plaintiff Arogant Hollywood sustained injuries and damages, including, without limitation, physical deterioration, starvation, physical scarring, allergic reactions, embarrassment, humiliation, anxiety, depression, a complete disruption of life, physical pain and suffering, emotional pain and suffering, deprivation of liberty and freedom for 95 days, insomnia, inconvenience, frustration, and extreme mental anguish.

**200.** Defendants City of South Pasadena, County of Los Angeles, and DOES 1-10 are liable to Plaintiff Arogant Hollywood for actual and compensatory damages given their negligence, recklessness, gross negligence, criminal indifference to civil obligations, and wantonness.

**201**. **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants City of South Pasadena, County of Los Angeles, and DOES 1-10 on the tenth federal claim for relief of Plaintiff Arogant Hollywood's original civil rights complaint in the amount that will justly compensate Plaintiff for his compensatory, general, and special damages, together with costs and attorney's fees in this action.

## VI. DAMAGES ALLEGATIONS

**202.** Plaintiff Arogant Hollywood was forcibly deprived of his liberty, freedom, and constitutional rights, effectively severing his access to society and resulting in multiple unlawful seizures, culminating in 95 consecutive days of false imprisonment and malicious prosecution.

**203.** Plaintiff suffered the absolute loss of his freedom, forced exclusion from public life, and the absolute denial of his fundamental civil rights, including the necessary delay and severe disruption of his essential personal, legal, and professional business.

**204.** Plaintiff suffered severe loss and damage to his personal safety, autonomy, and physical well-being, explicitly including the deprivation of safe living conditions, being subjected to unconstitutional jail conditions, starvation, denied medical care, and exposure to severe violence and state-created danger within the Los Angeles County jail system.

**205.** Plaintiff suffered concrete economic damages, including out-of-pocket losses directly resulting from being repeatedly falsely arrested, maliciously prosecuted, and wrongfully incarcerated by the Defendants.

**206.** Plaintiff suffered severe emotional distress, profound humiliation, fear, anxiety, depression, sleep disturbance, and psychological trauma resulting directly from the hostile, retaliatory, and racially motivated false arrests, the fabrication of evidence, malicious prosecution, deliberate indifference to his grievances and dietary needs, and the absolute deprivation of his freedom.

**207.** Plaintiff suffered physical pain and suffering, physical deterioration, starvation, physical scarring from collapsing, severe allergic reactions from tampered meals, loss of independence, and the extreme disruption of his daily functioning and medical stability.

**208.** Plaintiff suffered the loss of enjoyment of life, loss of dignity, and the egregious deprivation of clearly established constitutional rights, including his First Amendment right against retaliation, Fourth Amendment right against unreasonable search and seizure, Fourteenth Amendment right to due process and equal protection, and freedom from state-created danger.

**209.** Plaintiff Arogant Hollywood suffered severe emotional distress, profound humiliation, fear, anxiety, depression, sleep disturbance, and psychological trauma resulting directly from the hostile, retaliatory, and racially motivated false arrests, malicious prosecutions, and the absolute deprivation of his freedom for 95 consecutive days. This trauma was severely compounded by the public degradation of being repeatedly handcuffed without probable cause, the deliberate indifference of law enforcement and prosecutors to fabricated evidence, and the constant terror of state-created danger within the Los Angeles County jail system.

**210**. Plaintiff Arogant Hollywood suffered physical pain and suffering, extreme physical deterioration, and the total loss of his independence resulting directly from unconstitutional conditions of confinement. This physical suffering explicitly includes starvation, severe dehydration leading to physical collapse and a profusely bleeding chin, debilitating allergic reactions caused by the grossly negligent tampering of his physician-ordered medical diet, and the profound disruption of his daily functioning and baseline health while unlawfully imprisoned.

**211.** As a direct and proximate result of the Defendants' unconstitutional conduct, deliberate indifference, and state-created dangers, Plaintiff Arogant Hollywood suffered severe, egregious, and irreparable harm. This includes profound physical injuries, severe physical suffering from forced starvation and dehydration, and the unlawful loss of liberty for 95 consecutive days, encompassing the periods of September 12, 2022, to September 17, 2022; October 12, 2022, to October 13, 2022; and the prolonged confinement from October 2022 to early January 2023.

**212.** The injuries and damages suffered by Arogant Hollywood were severely compounded and exacerbated by the Defendants' cruel, reckless, and malicious refusal to allow him any access to a telephone and their complete, deliberate denial of his right to take a shower between October 13, 2022, and November 4, 2022. This intentional deprivation of vital communication and basic human sanitation directly caused Arogant Hollywood to endure extreme emotional harm, profound mental anguish, embarrassment, humiliation, and severe degradation.

**213.** These deliberate omissions, cover-ups, and complete failures to answer grievance forms constituted reckless, willful, and systemic violations of the federal consent decree in *Rosas v. Jim McDonnell* (2:12-cv-0428 (C.D. CA)) and LASD PARS regulations (CDM 8-03/005.00 & 8-03/010.00). The Defendants' oppressive and malicious conduct

justifies an award of substantial punitive damages to punish the Defendants and deter such egregious, unconstitutional behavior in the future.

**214.** Plaintiff suffered general damages, special damages, and compensatory damages in an amount to be determined by the jury, but not less than **Seventeen Million Dollars ($17,000,000.00)**, or such greater amount as the jury may determine.

**215.** Furthermore, the Defendants' actions exhibited a callous and malicious disregard for Plaintiff's clearly established rights. By intentionally refusing to answer or process over fifty (50) emergency and medical grievance forms submitted by Arogant Hollywood between November 4, 2022, and January 2, 2023, Defendants completely obstructed his right to administrative redress. This deliberate failure and refusal to respond unlawfully prevented Arogant Hollywood from exhausting his administrative remedies and appealing the ongoing denial of his fundamental constitutional rights and critical medical needs.

**216.** The Private Defendants (Jacinta Mary Lincke, Jonathan David Primuth, Evelyn Gadia Zneimer, and DOES 1-10) acted with malice, oppression, fraud, and a conscious, calculated indifference to consequences, strictly entitling Plaintiff to punitive damages under California law, specifically California Civil Code § 3294, and federal law.

**217.** Furthermore, the Municipal and County Defendants (City of South Pasadena, County of Los Angeles, County of Los Angeles Sheriff's Department), City of South Pasadena Council Member Jonathan David Primuth, and the individual law enforcement and prosecutorial Defendants (Chief Brian Solinsky, Sergeant Craig Phillips, Sergeant Matthew Ronnie, Officer Timothy Kim, Officer Isaac Gutierrez, Detective Catalina Valdez, Officer Patrick Zamora, Lieutenant Shannon Robledo, Alejandro Villanueva, Deputy Sanchez, Brian Mark Rosenberg, Jin Kyoung Lee, and DOES 1-10) acted with deliberate indifference to Plaintiff's constitutional rights through their willful joint

participation, execution of unconstitutional customs and policies, and conspiracy under color of state law, entitling Plaintiff to compensatory damages under 42 U.S.C. § 1983.

**218.** Plaintiff seeks punitive damages in the amount of **Thirty-Seven Million Dollars ($37,000,000.00)** against the individual Private Defendants, as well as the individual peace officer, prosecutorial, and official Defendants (where legally permitted), to punish their egregious, coordinated misconduct and to strictly deter future violations.

**219.** Plaintiff further seeks statutory damages, actual damages, attorney's fees, and punitive damages under applicable California law, and all damages, fees, and costs recoverable under federal law.

## VII. REQUEST FOR INJUNCTIVE RELIEF

**220.** Plaintiff Arogant Hollywood hereby incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

**221.** The Fourteenth Amendment of the United States Constitution, 42 U.S.C. § 1983, and the equitable jurisdiction of this United States District Court authorize the issuance of a permanent injunction against Defendants Robert G. Luna, the County of Los Angeles, and the County of Los Angeles Sheriff's Department to immediately halt their deliberate, systemic, and callous deprivation of clearly established constitutional and statutory civil rights.

**222.** Plaintiff and all similarly situated pretrial detainees will suffer continuous and irreparable harm—specifically the ongoing deprivation of fundamental human needs, basic sanitation, adequate nutrition, and the right to administrative redress—unless this Court immediately issues an injunction restraining Defendants from further violating the United States Constitution, California Code of Regulations Title 15, and established federal consent decrees.

**223.** Therefore, Plaintiff respectfully requests that this Court enter a permanent injunction and make such equitable orders necessary against current Sheriff Robert G. Luna, the County of Los Angeles, and the County of Los Angeles Sheriff's Department, specifically ordering the following:

**A.** **ORDER** the Court to strictly enforce all terms and conditions of the federal consent decree in *Rosas v. Jim McDonnell* (2:12-cv-0428 (C.D. CA)) against all Defendants, ensuring absolute compliance with grievance processing and reporting mandates.

**B.** **ORDER** Defendants Robert G. Luna, the County of Los Angeles, and the County of Los Angeles Sheriff's Department to strictly comply with, enforce, and obey all Los Angeles County Sheriff's Department Policy Archival and Retrieval System (LASD PARS) regulations cited within this Complaint, specifically including:

**C.** **ORDER** Defendants Robert G. Luna, the County of Los Angeles, and the County of Los Angeles Sheriff's Department to strictly and immediately comply with California Code of Regulations, Title 15 minimum standards for local detention facilities—specifically Section 1240, titled "Frequency of Serving," and Section 3050, titled "Regular Meals"—by immediately ceasing the unconstitutional practice of starvation and mandating that they serve all male and female inmates housed within any County of Los Angeles jail facility two (2) hot meals a day, every single day, without exception, in strict accordance with state law.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Arogant Hollywood respectfully prays for judgment against Defendants City of South Pasadena, County of Los Angeles, County of Los Angeles Sheriff's Department, Jacinta Mary Lincke, Jonathan David Primuth, Evelyn Gadia Zneimer, Chief Brian Solinsky, Sergeant Craig Phillips, Sergeant Matthew Ronnie,

Officer Timothy Kim, Officer Isaac Gutierrez, Detective Catalina Valdez, Officer Patrick Zamora, Lieutenant Shannon Robledo, Alejandro Villanueva, Deputy Sanchez, Brian Mark Rosenberg, Jin Kyoung Lee, and DOES 1-10, as follows:

**Declaratory Relief**

**1.** For a declaration that Defendants' coordinated acts and omissions flagrantly violated Plaintiff's clearly established rights under the United States Constitution (specifically the First, Fourth, and Fourteenth Amendments), 42 U.S.C. §§ 1983 & 1985, California Code of Regulations Title 15, and applicable California law.

**Compensatory Damages (Federal and State Claims)**

**2.** For general, special, and compensatory damages according to proof, including but not limited to the absolute loss of liberty and freedom for 95 consecutive days, multiple false arrests, malicious prosecution, economic losses, severe emotional distress, mental anguish, profound humiliation, physical pain and suffering, extreme physical deterioration and starvation resulting from unconstitutional jail conditions, and the total loss of enjoyment of life.

**3.** Plaintiff seeks compensatory damages in the amount of **Seventeen Million Dollars ($17,000,000.00)** against Defendants, or such greater amount as may be determined by a jury at trial.

**Compensatory Damages Against Individual Defendants**

**4.** For compensatory damages against Defendants Jacinta Mary Lincke, Jonathan David Primuth, Evelyn Gadia Zneimer, Chief Brian Solinsky, Sergeant Craig Phillips, Sergeant Matthew Ronnie, Officer Timothy Kim, Officer Isaac Gutierrez, Detective Catalina Valdez, Officer Patrick Zamora, Lieutenant Shannon Robledo, Alejandro Villanueva, Deputy Sanchez, Brian Mark Rosenberg, and Jin Kyoung

Lee, in their individual capacities, for willful and deliberate violations of Plaintiff's constitutional rights under 42 U.S.C. §§ 1983 & 1985.

**Punitive Damages**

**5.** For punitive damages in the amount of **Thirty-Seven Million Dollars ($37,000,000.00)**, or such greater amount as may be determined by a jury, against the individual Private Defendants (Jacinta Mary Lincke, Jonathan David Primuth, and Evelyn Gadia Zneimer) and the individual peace officer, prosecutorial, and official County and City Defendants, to punish and deter their willful, malicious, reckless, oppressive, and consciously indifferent conduct, under federal law and California Civil Code § 3294.

**6.** Plaintiff does not seek punitive damages against any municipal entity (City of South Pasadena, County of Los Angeles) that is immune from such damages under federal or California law.

**State Law Tort and Statutory Damages Against Private Defendants**

**7. For damages arising under California law against the Defendants, including but not limited to:**

- **False Arrest and False Imprisonment**
- **Malicious Prosecution**
- **General Negligence, Gross Negligence, and Reckless Disregard**
- **Intentional Infliction of Emotional Distress**

**Including all statutory, economic, and non-economic damages where authorized by law, and all other relief permitted by federal and state law, according to proof.**

**Attorney's Fees and Costs**

**8.** For reasonable attorney's fees, litigation expenses, and costs pursuant to 42 U.S.C. § 1988, California Civil Code § 52.1 (Bane Act), and all other applicable fee-shifting statutes.

**9.** For pre-judgment and post-judgment interest as allowed by law.

**Injunctive Relief**

**10.** For a permanent injunction and such orders or judgments as requested in Section VII herein, including but not limited to:

**a. ORDER the Court to strictly enforce all terms and conditions of the federal consent decree in *Rosas v. Jim McDonnell* (2:12-cv-0428 (C.D. CA)) against all Defendants, ensuring absolute compliance with grievance processing and reporting mandates;**

**b. ORDER Defendants Robert G. Luna, the County of Los Angeles, and the County of Los Angeles Sheriff's Department to strictly comply with, enforce, and obey all Los Angeles County Sheriff's Department Policy Archival and Retrieval System (LASD PARS) regulations cited within this Complaint;**

**c. ORDER Defendants Robert G. Luna, the County of Los Angeles, and the County of Los Angeles Sheriff's Department to strictly and immediately comply with California Code of Regulations, Title 15 minimum standards for local detention facilities—specifically Section 1240, titled "Frequency of Serving," and Section 3050, titled "Regular Meals"—by immediately ceasing the unconstitutional practice of starvation and mandating that they serve all male and female inmates housed within any County of Los Angeles jail facility two (2) hot meals a day, every single day, without exception.**

**Such Other and Further Relief**

**11. For such other and further legal and equitable relief as the Court deems just and proper.**

## IX. DEMAND FOR JURY TRIAL

Plaintiff **ALISON HELEN FAIRCHILD** hereby demands a trial by jury on all claims for relief and all issues so triable in this action pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution.

Respectfully Submitted,

**Dated: April 30, 2026**

***Neil Opdahl-Lopez, Esq.***
***State Bar No. 277596***
***Major, USMCR***
**473 E. Carnegie Drive, # 200**
**San Bernardino, CA 92408**
**Mobile: 626.429.6578**
**Facsimile: 888.298.7284**
**attorney@neilopdahl.com**

**Attorney for Plaintiff**

**VERIFICATION OF PLAINTIFF AROGANT HOLLYWOOD**

**U.S.C. § 1746**

United States of America

State of California

City of Loma Linda (Unincorporated), California, Within the County of San Bernardino

I, **AROGANT HOLLYWOOD**, being duly sworn, say:

1. I am the Plaintiff in the above-entitled action. I have read the foregoing **VERIFIED ORIGINAL CIVIL RIGHTS COMPLAINT** and know the contents thereof. The factual allegations stated therein are true and correct of my own personal knowledge, except as to those matters which are therein stated upon information and belief, and as to those matters, I believe them to be true.

2. The same is true of my own personal knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe them to be true.

As to the allegations involving the misconduct of the Private Defendants Evelyn Gadia Zneimer, Jacinta Mary Lincke and Jonathan David Primuth and the deliberate indifference of the County of Los Angeles and City of South Pasadena Defendants, my knowledge is based upon personal observation, direct verbal interaction with the Defendants' agents, affiliates, fellow employees, fellow peace officers and co-conspirators, and documented evidence served upon the Defendants.

**I declare under penalty of perjury under the laws and Constitution of California and the United States that every word, sentence, paragraph, and page of this Original Civil Rights Complaint and Verification is true and correct.**

**Dated: May 1, 2026**

BY: ______________________________

**AROGANT HOLLYWOOD**
**1308 East Colorado Blvd.**
**Pasadena, CA 91106**
**Mobile: 206.471.1344**
Email: @gmail.com